JOHN GILLESPIE, PLAINTIFF IN ERROR, v. WINONA S. SAWYER AND ANDREW J. SAWYER, DEFENDANTS IN ERROR.

1.  **Deeds**: DESCRIPTION OF LAND MUST GOVERN. In an action between others than the original parties to a deed, the intention of the parties to the conveyance cannot be enquired into for the purpose of ascertaining the land sought to be conveyed, if the calls in the deed refer to fixed monuments or points.

2.  ———: ———: PAROL PROOF INCOMPETENT. Where there is a call in a deed, which was in fact not intended by the parties, and is unambiguous, the intention of the parties cannot be made to take the place of the call, neither is parol proof competent to locate the land.

3.  **Ejectment**: ESTOPPEL. In an action of ejectment, where an equitable defense is pleaded, and under the allegations of the answer it is shown that the defendant bought the land in question in good faith for a valuable consideration, taking immediate possession thereof, and with the knowledge of the plaintiff made valuable and lasting improvements thereon, the plaintiff taking no steps to notify defendants of his claim, *Held*, That he was estopped to set up his rights as against them.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Marquett, Deweese & Hall,* for plaintiff in error.

Description in deed. *Williams v. Warren,* 21 Ill., 550. *Willey v. Snyder,* 34 Mich., 60. Estoppel. *Lucas v. Hart,* 5 Iowa, 415. *Copeland v. Copeland,* 28 Me., 525. *Board v. Lincoln,* 81 Ill., 156. *Holmes v. Crowell,* 73 N. C., 613. *Mayo v. Cartwright,* 30 Ark., 407. *Green v. Prettyman,* 17 Cal., 401.

*J. R. Webster* and *A. J. Sawyer,* for defendants in error, cited: *Wendell v. Jackson,* 22 Am. Dec., 635. *McAfferty v. Conovers,* 7 Ohio St., 104. 34 Ind., 167. 9 N. Y., 197. Bingham on Sales, 425. *Frey v. Drahos,* 6 Neb., 9. *Mills v. Miller,* 4 Neb., 444. 2 Smith's Leading Cases, 652. Bigelow on Estoppel, 434.

REESE, J.

This is an action in ejectment. The petition contains the usual averments.

The answer denies the facts alleged in the plaintiff's petition, and presents several defenses, one of which is, in substance, that they purchased the real estate in dispute on the 29th day of July, 1876, of one L. C. Burr, who was the owner of said premises by title derived from the plaintiff's grantor. That at the time of their purchase and for a long time thereafter they had no knowledge of the plaintiff having or claiming to have any interest in said land. That they purchased in good faith and for a valuable consideration. That at the time of said purchase they took immediate possession of the land, which was unimproved, and have from that time to the present occupied the same as their home, making valuable improvements thereon to the extent of $4,000, and have ornamented and beautified

it by grading and filling up a ravine running through it, and by planting out many fruit, ornamental, and shade trees, etc., and that during all this time the plaintiff has resided on an adjoining block, and has witnessed their labors and expenditures, but did not at any time notify them of his pretended claim until immediately before the commencement of this action, or that he claimed any interest in the premises.

A trial was had to the court resulting in a finding and judgment in favor of the defendants. Plaintiff now brings the case into this court by petition in error.

As we view the case, the first question requiring attention is, whether or not the deed from Editha J. Dawson, the common source of title, to the plaintiff, which was on record at the time of defendants' purchase, was sufficient to impart constructive notice to the defendants of plaintiff's rights.

The description of the premises contained in the plaintiff's deed is as follows: "That piece or parcel of land adjoining Lincoln, in the county of Lancaster, and state of Nebraska, bounded by a line commencing at a point five chains south of the north-east corner of the east half of the south-west quarter of section number twenty-five (25), in township number ten (10), range six east, running thence two chains and sixty-six links south to the continuation of "F" street in capitol addition to Lincoln, thence along F street in said addition ten (10) chains, thence north two chains and sixty-eight links to the corner of the five-acre tract purchased by said Gillespie of Jacob Dawson, thence west to the place of beginning."

By following the calls, courses, and distances in this deed as they are given, it is clear that it fails to describe any tract of land, as they fail to close.

The plaintiff insists that by following the line to the fifth call, which is described as "the place of. beginning," and taking this as the starting point, and following the

calls, courses, and distances in their inverse order it will describe the tract in dispute, since there is nothing in the deed indicating the course along F street. This is perhaps true.

The defendant insists that if we begin at the first call, the starting point being definitely given, it is impossible to so construe the description as to include this tract of land. This is also true.

The first call in the deed fixes the starting point " five chains south of the north-east corner of the east half of the south-west quarter of section twenty-five." Were this action between the original parties to the deed, the intention of the parties might, with propriety, be inquired into. But in this case, where the rights of innocent third parties intervene, we think this call cannot be changed. " Five chains south of the north-east corner" of the government subdivision is a definite and fixed point as, and for, the north-east corner of the land sought to be conveyed, and it must govern. In *McAfferty v. Conover's Lessee*, 7 Ohio St., at page 104, the supreme court of Ohio uses the following language: "But where there is a call in a deed which was in fact not intended by the parties, and is found and is unambiguous, the intention of the parties cannot be made to take the place of the call, for if this could be done titles and lands would be transferred by the intention of the parties, and not by deed. Effect will be given to the intention of parties, in respect to calls, only where the words of description they employ will admit of it, and are not inconsistent with the intention proved; further than this a court of law cannot go; beyond this is the region of equitable jurisdiction, under the head of mistake." See also *Piercy v. Crandall*, 34 Cal., 343. *Jackson v. Wendell*, 5 Wend., 146. 1st Greenleaf Ev., § 391.

We therefore conclude that the description given in the deed as between these parties, must stand without explanation or change by parol proof, and that the recording of

said deed was not of itself sufficient to give notice of the alleged rights of the plaintiff. *Galway, Semple & Co. v. Malchow*, 7 Neb., 287.

2. The answer of the defendants presents an equitable defense, which, under the proofs in this case, is an abundant defense to the plaintiff's action. It is alleged and proven that at the time of their purchase, they had no actual notice of plaintiff's rights; that the land was vacant and unoccupied. True, it had been plowed and a hedge planted around part of it, but the plowed land had grown up to weeds and grass, and the hedge had been almost entirely destroyed by fires; that a few fruit trees had been planted thereon, but they were about killed by fire and weeds, and hardly visible; and in the improvement which followed, little if any attention was paid to them. No person was in actual possession, and from the evidence it is clear no person had been for some time. That fact was apparent. The defendants took possession at once, and made lasting and valuable improvements thereon, and have resided on the premises ever since, erecting buildings, grading up the low places, planting fruit and ornamental trees and shrubs, inclosing the grounds with fences, hedges, etc., in short making a comfortable and desirable home. During this time the plaintiff has resided within four or five hundred feet of the premises, on a contiguous block, in full view of all these improvements and expenditures, had seen one of the defendants almost daily, and has never at any time, from the time of their purchase and possession, until a short time before the commencement of this suit, made known to them his alleged right to the property. His silence is sought to be explained by a want of knowledge of his rights under his deed, and by the advice of counsel. While it may be true that he did not fully understand his legal rights, under his deed, yet it is hardly probable he did not know it would be wrong to allow the defendants to make the improvements they were making

on land which he claimed, and to which his title was defective, without at least telling them of his claims. In *Kirk v. Hamilton*, 102 U. S., it is said: "There is no principle better established in this court, nor one founded on more solid considerations of equity and public utility, than that which declares that if one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his own claim, shall not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bound by this equitable estoppel." See also *Fremont Ferry and Bridge Co. v. Dodge County*, 6 Neb., 25. *Roy v. McPherson*, 11 Neb., 200.

We are of the opinion that both the law and the equities of this case are with the defendants. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., concurred.

COBB, CH. J., took no part in the decision.