GEORG W. FORBES, APPELLANT, V. MARGARET A. MC-
COY ET AL., APPELLEES.

1. **Estoppel.** One M. borrowed $2,000 of one E. C., and executed
a note therefor, with F. as security. To secure F., M. and wife
executed a mortgage upon a lot possessed by them in the city
of O. When the note became due an action was brought
against M. and F., and judgment recovered for $2,286, being
principal and interest thereon, and an execution was duly is-
sued and levied upon the aforesaid lot owned by M. At the
sale F. caused the lot to be purchased in the name of one V., to
whom he was indebted, F. paying the purchase price. F. noti-
fied V. of the purchase, but made no mention of his mortgage,
nor made any claim to any interest in the lot. *Held*, That as
against V. he was estopped to claim under the mortgage.

2. ————. A party who knowingly, though it may be done pas-
sively, permits another to purchase land and expend money
thereon, under the supposition that he is the owner, and with-
out such party making known his own claim, will not be per-
mitted afterwards to exercise his legal rights against the
purchaser.

APPEAL from the district court of Douglas county.
Heard below before NEVILLE, J.

*Charles B. Keller*, for appellant, cited: Bigelow Es-
toppel, 484. *Monks v. Belden*, 80 Mo., 639. *Gondie v.
Water Co.*, 7 Barr, 233. *Commonwealth v. Moltz*, 10 Id.,
531. *Brant v. Coal Co.*, 93 U. S., 337.

*John L. Webster*, for appellee William Vorce, cited:
*Rice v. Bunce*, 49 Mo., 231. *Markam v. O'Connor*, 52
Ga., 183. *Gregg v. Von Phul*, 1 Wall., 274. *Stevens v.
Dennett*, 51 N. H., 324. *Whipple v. Whipple*, 109 Ill.,
418.

MAXWELL, J.

On March 29, 1870, George A. McCoy and George

W. Forbes executed their note for $2,000 to Edward Creighton, payable one year after date, with interest at the rate of 12 per cent per annum. Forbes merely signed as surety, and no part of the consideration went to him. To secure Forbes against liability or loss, George A. McCoy and Margaret McCoy, his wife, on April 1, 1870, executed and delivered to him the mortgage which is here sought to be foreclosed on lot 7, block 22, in the city of Omaha. The title to this lot, at that time, was in Mr. and Mrs. McCoy, as joint tenants, but that fact was unknown to Forbes, and Mrs. and Mrs. McCoy appear to have been ignorant of the same.

Edward Creighton brought suit on the $2,000 note against George A. McCoy and George W. Forbes, when the same was due, and on June 10, 1872, obtained judgment against McCoy and Forbes for $2,286. In this judgment, however, Forbes was certified as surety only. On July 2, 1872, Creighton caused an execution to issue on said judgment, and be levied upon said lot 7, block 22. The same was regularly advertised, and sold on the 10th day of August, 1872. At this time Forbes was largely indebted to Wm. Vorce, one of the defendants herein. Realizing his ultimate liability upon the note for whatever the property failed to pay, and to protect himself and prevent a sacrifice of the property, he had John L. Webster attend the sale and bid it in at sheriff's sale for William Vorce, Forbes paying the purchase price, $1,605, whereby he was liquidating his indebtedness to Vorce.

At this time Vorce knew nothing about the transaction, but it was subsequently ratified, as Vorce afterwards accepted the sheriff's deed and gave Forbes credit for $1,605. Forbes did not know at the date of the sale that Mrs McCoy owned an undivided half of this lot. Forbes was afterwards compelled to pay the balance of this judgment, $786.58, whereby the conditions of this mortgage became operative. The execution was issued against McCoy and

Forbes, and such interest sold by the sheriff as McCoy had in the property, and nothing more. Mrs. McCoy afterwards ascertained the condition of the title, and was threatening to bring suit against Vorce to recover her undivided half, when Forbes, learning of the situation, notified Vorce of his mortgage against her interest. Vorce ignored said mortgage, and after this suit was brought and the same was pending, paid Mrs McCoy $1,250 in settlement.

A house was afterwards built upon the east half of this lot by Forbes, with the consent of Vorce, to pay his debts to Vorce. Forbes was unable to pay for it wholly, however, and Vorce had to pay the difference after Forbes had expended some money, the amount of which is uncertain.

The defendants contend that plaintiff is estopped from claiming the benefits of his mortgage, and this is the only question for the consideration of this court.

The plaintiff claims that to constitute an estoppel "there must have been a false representation or a concealment of material facts.

" The representation must have been made with knowledge of the facts.

" The party to whom it was made must have been ignorant of the truth of the matter.

"It must have been made with the intention that the other party should act upon it.

" The other party must have been induced to act upon it." Bigelow on Estoppel, page 552.

Mr. Forbes was well aware at the time he had the sheriff's deed for the lot in question made to Vorce, that he possessed a mortgage upon said lot. If he intended to assert any rights under this mortgage as against Vorce he should have informed him of that fact. But it may be said that as he had not paid the amount due Creighton over and above that received from the sale of the lot, that therefore his rights under the mortgage had not become absolute.

This, however, could make no difference. He well knew at that time the existence of the mortgage under which he claims, and if he intended to assert any rights thereunder he should have informed Vorce of that fact. Otherwise, in equity, he will be estopped to claim under the mortgage.

The leading case on this subject is *Pickard v. Sears*, 6 A. & E., 469. This was followed by *Freeman v. Cooke*, 2 Exch., 654, and *Cornish v. Abbington*, 4 H. & N., 549, and *In re Bahia Ry.*, 3 Q. B., 584. In the case of *The Continental Bank v. The Bank of the Commonwealth*, 50 N. Y., 575, 582, the court say : "We hold that there need not be, upon the part of the person making a declaration or doing an act, an intention to mislead the one who is induced to rely upon it. There are cases in which parties have been estopped when their acts or declarations have been done or made in ignorance of their own rights, not knowing that the law of the land gives them such rights. Here certainly there could be no purpose to mislead others, for there was not the knowledge to inform the purpose, and both parties were equally and innocently misled. Indeed it would limit the rule much within the reason of it if it were restricted to cases where there was an element of fraudulent purpose. In very many of the cases in which the rule has been applied there was no more than negligence on the part of him who was estopped, and it has long been held that when it is a breach of good faith to allow the truth to be known, there an admission will estop. (*Gaylord v. VanLoan*, 15 Wend., 308.) There are decisions where the rule has been stated as the plaintiff claims it. We have looked at those cited. It was not necessary to the conclusion of the court in them, that such a restriction should be put upon the rule."

In *Blair v. Wait*, 69 N. Y., 113, the court say : "That it is not necessary to an equitable estoppel that the party should design to mislead. It is enough that the act was calculated to mislead, and did actually mislead the de-

fendants, while acting in good faith and with reasonable care and diligence, and that thereby they might be placed in a position which would compel them to pay a demand which they had every reason to expect was canceled and discharged." See also *Waring v. Somborn*, 82 N. Y., 604. *Hurd v. Kelley*, 78 Id., 588, 597. *Malloney v. Horan*, 49 Id., 111, 115. *Jewett v. Miller*, 10 Id., 402, 406. *Shapley v. Abbott*, 42 Id., 443, 448. *St. John v. Roberts*, 31 Id., 441. *Brown v. Bowen*, 30 Id., 519, 541. *Lawrence v. Brown*, 5 Id., 394, 401. *Frost v. Saratoga Mut. Ins. Co.*, 5 Denio, 154, 158. *Welland Canal Co. v. Hathaway*, 8 Wend., 480, 483.

This rule was approved by the supreme court of the United States, in *Kirk v. Hamilton*, 102 U. S., 68, and by this court in *Gillespie v. Sawyer*, 15 Neb., 536, and *State v. Graham*, 21 Neb., 329, where it was held that where a party knowingly, though it be done passively by looking on, suffer another to purchase or spend money on land under an erroneous opinion of title, without making known his own claim, he will not afterwards be permitted to exercise his legal rights against such person. The fact that after the sheriff's deed to Vorce of lot 7, block 22, it was discovered that the deed to McCoy and wife was joint, and that each thereby acquired an undivided half interest in the lot, while it imposed a heavier burden upon Vorce by requiring him to purchase the title of Mrs. McCoy, gave the plaintiff no greater rights in the premises than if the entire title had been in McCoy.

2d. The construction of the building on the east half of the lot by the plaintiff in part payment of certain amounts owing by him to the defendant, does not seem to enter into the case. The judgment of the district court is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.