THE COMMERCIAL LOAN AND BUILDING ASSOCIATION

*v.*

GEORGE F. TREVETTE *et al.*

*Filed at Ottawa January 20, 1896—Rehearing denied March 19, 1896.*

ESTOPPEL—*when contractors cannot claim lien under concealed contract.* Contractors who procure a loan association to advance the full amount of a building mortgage, by presenting certificates under their contract for the erection of a building except the third story, supposed by such association to be for the whole building, and conceal the existence of a later contract for such third story, are estopped to assert a lien under such later contract in priority to the mortgage.

*Trevette* v. *Com. Loan and Building Ass.* 58 Ill. App. 656, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This was a bill to foreclose a deed of trust on land in the city of Chicago, given by I. B. Miller and H. J. Miller to one Julius Stern, to secure a loan of $15,000 from the appellant. The deed was dated March 22, 1893, and recorded on the 27th of the same month. The grantors in the deed were the owners of one hundred and fifty shares of stock of the appellant association, by which they were enabled to borrow the sum of money to be expended in the erection of a building on the land, which money was to be advanced for the borrowers to the contractors and others as the work progressed. Various persons were made defendants, among whom were a firm of contractors known as Trevette & Swift. This firm had a contract with the Millers for the carpenter work on the building for the sum of $8000, which was to be paid on the completion of the work. The contract was confined to a two-story building. The appellees, Trevette & Swift, by their answer and cross-bill set up a second contract with the Millers, dated

April 12, 1893, for the furnishing of certain labor and materials upon the third story of the building, under which was due $1600, and the sum of $138 for extra work.  The second contract between the Millers and the contractors was not known to the appellant.  The property was worth $20,000, of which the improvements placed thereon were worth $15,000.  On April 1, 1893, appellees presented to appellant a certificate of the architect, marked "correct" and signed by the Millers, for $2000, on account of their work as contractors for the carpenter work.  The certificate was as follows:

"$2000.                                CHICAGO, *April 1, 1893.*

"*To I. B. Miller, Esq.:*

"This is to certify that Trevette & Swift, contractors for the carpenter and joiner work on your building Drexel avenue and Sixty-third street, are entitled to a payment of two thousand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . $\frac{00}{100}$ dollars, by the terms of contract.

<span style="font-size:smaller">This certificate was issued upon an application and affidavit of the said. . . . . . . . . . . . . . . . . . . . . . . dated. . . . . . . . . . . .18. . . .and made in accordance with the provisions of section 35 of the law relating to sub-contractors' liens, in force July 1, 1887.</span>

        T. N. BELL,. *Architect.*

<span style="font-size:smaller">Contract price . . . . . . .$8000 00<br>Extra work. . . . . . . . .  . . . . . .<br>Total amount issued.. 5500 00<br>Balance. . . . . . . .$2500 00</span>

Received amount of above certificate.
                                TREVETTE & SWIFT."

This certificate was presented by Trevette & Swift to Julius Stern, and "O. K."d by him, and subsequently paid by said association.  On April 15, 1893, a similar certificate for the sum of $800, except that the total amount issued is stated as $6300, balance $1700, was issued to Trevette & Swift, presented to said Stern, "O. K."d by him, and subsequently paid by said association on May 3, 1893.  On May 2, 1893, a similar certificate was issued for the sum of $500, except that it stated the total amount issued to be $6800, balance $1200.  May 16, 1893, a similar certificate was issued for $300, except that it showed the total amount issued to be $7100, balance $900.  May 27, 1893, a similar certificate was issued for $800, except that it showed the total amount issued to be $7900, balance

$100.   June 16, 1893, a similar certificate was issued for
$100, except that it showed the total amount issued to be
$8000, no balance due.   An agreement in writing, made
for part of said extra work, amounting to $95, was offered
in evidence.   It was not dated, but Swift testified it was
made about June 1, 1893.   All of these certificates were
presented by Trevette & Swift to Stern, and after being
"O. K."d by him were paid by said association.

The circuit court found that the appellant was entitled
to a prior lien on the premises for the full amount of its
claim, and decreed accordingly.   On appeal the Appel-
late Court reversed the decree of the circuit court, hold-
ing that upon the value of the premises without the
improvements, under the contract for the third story,
and without the extra work, for which appellees claim
$1738, appellant had a first lien and appellees a second
lien, and that upon the additional value added to the
premises by said work done under the contract for the
third story, and the extra work, appellees had a first
lien and the appellant a second lien.

STERN, OSBORNE & LOUER, for appellant.

EWING, WINCHESTER & CRAIG, for appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the
court:

This case presents a question as to the priority of liens.
The recording of the deed of trust given by the Millers
to appellant was constructive notice of the appellant's
rights under the same, and the dealings of the parties
were such as to bring actual notice home to the appel-
lees.   The appellees held a contract with the owners of
the mortgaged premises for the erection thereon of a
building, except the third story, for which they were to
receive from appellant the sum of $8000 as the work pro-
gressed.   This amount appellant was willing to advance
out of the loan, to the contractors, but the record fails to

show that appellant was willing to assume any greater or other liability than such sum.  Appellees being charge-able with notice of all of appellant's rights and equities, and having concealed from appellant all knowledge that they had any claim under a contract of April 12, asserting that the total amount of their contract was $8000, and no more, at the time they received five successive payments after they made the contract of April 12, could not acquire any additional rights or claims upon the mortgaged prem-ises except in subordination to appellant's rights.

The decision of the case may be placed upon the doc-trine of equitable estoppel.  Appellees obtained payment upon the contract of $8000 by drawing moneys to the amount of $4500 from the appellant at various times between April 1, 1893, and June 16, 1893, upon certificates of the architect bearing the orders of the mortgagors thereon, and requesting the appellant to pay out said moneys, and the appellees presented these orders bear-ing upon their face a false statement as to the amount claimed to be due and owing to them for the carpenter work on the premises.  Appellees not only failed to ap-rise the mortgagee of having acquired an additional con-tract—that of April 12, 1893,—with the owners of the premises for other and different work confined to the third story of the building, and for which the appellee was to receive $1738, but, on the contrary, suppressed the knowledge of such later contract from appellant by con-tinuing to present vouchers for payment in which the total amount was still shown to be $8000, less the money which had been actually paid.  Upon the assurance of appellees to appellant, growing out of the order or cer-tificate, the latter was misled and paid out the entire $8000, when the sum would not have been paid if the appellant had not been deceived.  If the appellant is required to take a second lien as to the $1738 instead of the prior lien, it will be deprived of a right without any act or fault of its own.  Any act which will render

it inequitable for a party to enforce his lien may operate as an estoppel in equity, and if the party act falsely, and his act in fact constitutes a fraud upon the other party, it will be immaterial whether the particular injury inflicted was intended or not. *Heidenbluth* v. *Rudolph,* 152 Ill. 316.

We think that the Appellate Court erred in reversing the decree of the circuit court, and that the decree of the circuit court is right. The decree of the Appellate Court will therefore be reversed and that of the circuit court will be affirmed.

*Decree reversed.*