Lydick v. Gill.

HIRAM C. LYDICK ET AL. v. JOHN F. GILL ET AL.

FILED DECEMBER 8, 1898.  No. 8430.

Review: CONFLICTING EVIDENCE. Questions of fact determined upon fairly conflicting evidence by a jury will not be re-examined in error proceedings in the supreme court.

ERROR from the district court of Burt county. Tried below before POWELL, J. *Affirmed.*

*H. E. Carter*, for plaintiffs in error.

*Jesse T. Davis, S. H. Cochran*, and *F. S. Howell, contra.*

RYAN, C.

This was an action of ejectment brought by plaintiffs in error in the district court of Burt county. Originally, John F. Gill was the defendant. During the pendency of the action, however, David Deaver, who had meantime purchased the interest of Gill, was, by stipulation, substituted as defendant. There are combated in argument the rights of Deaver as a purchaser in good faith, but it is unnecessary to consider this question, for the district court, in its instructions, followed the theory for which plaintiffs are now contending. The subject-matter of the controversy was a strip of land formed by accretion along the Missouri river adjacent to lots 1, 2, 3, and 5 in section 13, township 21 north, range 11 east, 6th principal meridian. In effect the court instructed the jury that plaintiffs were the owners of this accretion and entitled to the possession thereof, unless the acts of estoppel pleaded by defendant had been established by a preponderance of the evidence, and in this connection the elements of an estoppel were fully stated. In general terms, the facts upon which defendant relied as sufficient to show an estoppel were that the property was claimed by John F. Gill, between whom and plaintiffs there existed a controversy as to who had the better right; that defendant entered into negotiations with Gill for the purchase of his interest, and that this fact was known to plaintiffs; that plaintiffs encouraged him to buy the interest of Gill, and one of plaintiffs, to enable the defendant to make a payment on such purchase, became his surety at the bank to the amount of $1,500, of which amount, with the knowledge and acquiescence of said plaintiff, $1,000 was paid to Gill in consideration of his conveyance of his interest to defendant; that defendant, after his purchase, made valuable and lasting improvements on the property, with the knowledge and assent of plaintiffs, and that he would not have purchased or improved said property if he had not by plain-

tiffs been encouraged so to do. If the evidence sustained the contention of defendant, his defense of an estoppel was established under the rule laid down in *Gillespie v. Sawyer*, 15 Neb. 536. Plaintiffs met the question of estoppel by a denial of the facts alleged by defendant, and there was evidence which would justify a jury in finding for either party. Under such circumstances the verdict of a jury will not be disturbed upon error proceedings in this court.

It is insisted, however, that there was error in the admission of evidence with respect to certain matters; for instance, some of the acquiescence upon which defendant relied in his acquisition of title was the sole act or utterance of Hiram C. Lydick, one of plaintiffs, the other plaintiff, Jonathan Lydick, being absent. There was testimony, however, to the effect that Jonathan Lydick had previously said to defendant that Hiram was acting for him, and that whatever arrangement defendant would make with Hiram would be satisfactory to Jonathan. Moreover, there was testimony to the effect that Jonathan actually knew that defendant was engaged in making improvements upon the property and made no objection to his adverse rights thereby asserted. The estoppel pleaded, in its nature, depended largely upon the existence of facts logically to be inferred from the conduct and language of plaintiffs, and it was therefore unavoidable that much of the testimony should be indirect in its nature; for instance, there was testimony that it was at different times stated by Jonathan that Hiram was the sole manager of all the property in which both were interested. It would be unprofitable to describe these matters of complaint in detail, and it must suffice to say that while the circumstances sought to be established did not directly bear upon the superior right of either claimant to the land in controversy, there was none which did not, indirectly, tend to throw light upon the issues to be determined by the jury. The questions to be determined were for the most part questions of

fact, and these were submitted to the jury under instructions as to which counsel have failed to point out any objection. The judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.