## JONATHAN LYDICK V. THOMAS R. GILL ET AL.

### FILED MARCH 18, 1903. No. 12,585.

1. **Request for Instruction:** ASSUMPTION: REFUSAL. Where an instruction was requested that assumed the existence of a judgment unreversed and unmodified as a bar to a defense of adverse possession, and the evidence disclosed that such judgment had been annulled by a decree enjoining its enforcement and declaring it of no force and effect, such instruction was properly refused.

2. **Several Defendants:** INSTRUCTION APPLICABLE TO ONE: REFUSAL. In an action where there are several defendants all defending on distinct and different grounds, an instruction in general terms which can apply to the defense made by only one of them, should be refused.

3. **Instruction:** NOT APPLICABLE. The instruction tendered should have been specific in its terms, and limited in its application to the one defendant.

4. **Estoppel:** SILENCE. Where one man knowingly, though he does it passively, by looking on, suffers another to purchase and expend money on land under an erroneous opinion of title, without m⸳⸳ing known his own claim, he will not afterwards be permitted to exercise his legal right against such person. A willful design to mislead and deceive is not necessary in such a case. *Gillespie v. Sawyer*, 15 Neb. 536, approved and followed.

5. ———: INTENTION. Whatever a man's real intention may be, if he so conducts himself that a reasonable man would take the act or representation to be true, and believe that it was made to be acted on, and he did act upon it as true, the party making the representations will be precluded from contesting their truth. .

6. ———: ———. An estoppel may be binding and effectual, even though there was no intention to deceive, and it is not necessary for the holder of an adverse interest to deny his interest, or expressly declare his intention to abandon it.

7. **Evidence.** Evidence objected to examined, and *held* to have been properly admitted.

8. **Verdict:** SEVERAL DEFENDANTS: JOINT MOTION FOR NEW TRIAL. Where a verdict is returned against a plaintiff and in favor of several defendants, on different, distinct and separate defenses pleaded separately by them, a single joint motion for a new trial against them all is insufficient, and it should be overruled if the verdict is good as to any one of the defendants.

9. **Motion for New Trial:** EXAMINATION OF RECORD. Where a motion

22

for a new trial is overruled under such circumstances, this court
is only required to examine the record far enough to ascertain
that fact.

Error to the district court for Burt county: Jacob
Fawcett, District Judge. *Affirmed.*

*H. E. Carter* and *Ira Thomas,* for plaintiff in error.

*Albert W. Jefferis* and *Frank S. Howell, contra.*

Barnes, C.

The plaintiff in error commenced this suit in ejectment
in the district court for Burt county against Riley T. Gill,
Robert Light, Walter Lydick, Ed Latta, Peter Kessler,
Hiram C. Lydick and R. A. Barnett, for the recovery of
certain real estate described in his petition. Summons was
issued and served on all of the defendants above named.
H. C. Lydick, Walter Lydick and Peter Kessler failed to
answer, and a default was entered against them. The an-
swer of R. A. Barnett was a general denial and a dis-
claimer of title to any of the lands described in the plain-
tiff's petition, except a part thereof which was described
specifically in the answer, amounting to only about six
acres, and it was alleged therein that as to that part he
and his grantors had acquired title by adverse possession
and the operation of the statute of limitations. To this
answer the plaintiff replied, admitting defendants' oc-
cupancy of the tract described in the answer, and denying
each and every other allegation contained therein.

Defendant Ed Latta answered as follows: First, a gen-
eral denial; second, a claim of ownership of only a part of
the lands described in plaintiff's petition, and a disclaimer
as to the remainder; third, adverse possession and the
statute of limitations; fourth, affirmative matters relat-
ing to the mutual establishment of boundary lines, mutual
construction of partition fences of a permanent and last-
ing character, complete enclosure of all the lands described
in the answer; that one David Deaver was the owner of

about eighty acres of the land included with the other part thereof; the establishment of the boundary lines of the whole of Deaver's holdings in 1893; subsequent deeding to defendant Latta of all of the body of land, except about eighty acres; that since the establishment of the boundary lines and construction of the partition fences, Deaver, at a very large expense, had enriched and improved the entire body of land, redeemed it from a wild condition and brought it to a high state of cultivation; alleged the planting and growing of fruit trees, construction of buildings, barns, sheds, cribs, wells, windmills, tanks, fences and other improvements, all made openly and notoriously and with the full knowledge and consent of the plaintiff, and without any objection on his part; and, in fact, matters amply sufficient to create an equitable estoppel as against the plaintiff's claim to any portion of the lands described in the answer.

Plaintiff replied, admitting the possession of Latta, and denying each and every other allegation contained in his answer.

Thomas R. Gill filed a separate answer in which he alleged, first, that he had been served as Riley T. Gill, and his true name was Thomas R. Gill; second, a general denial; third, that he was in possession and owner of about twenty acres of the land lying south of a portion of the Latta claim; fourth, that in 1892 the plaintiff and his brother, Hiram C. Lydick, owned the land lying south and west thereof, and by mutual agreement and consent the boundary and division lines were established, dividing their lands, and in so doing he surrendered to the said Lydicks by compromise about fifty acres of the land then claimed by him; that a boundary line and division fence was established between them, and it was agreed that the same should constitute the boundary lines between his own and the Lydick lands; fifth, adverse possession and the statute of limitations; sixth, a disclaimer of any interest in any other portion of the land.

Plaintiff replied to this answer, first, by a general denial,

except as to admissions; second, admitted the true name of the defendant to be Thomas R. Gill; third, admitted that in 1892 plaintiff and H. C. Lydick were jointly owners of the land, as alleged in said answer; fourth, plaintiff set up an adjudication of title in a suit wherein plaintiff and his brother, H. C. Lydick, were plaintiffs, and Gill was the defendant, and that since said time plaintiff had purchased the entire interest of his brother.

Robert Light filed a separate answer, which contained, first, a general denial; second, a disclaimer to all lands, except a small tract described therein; third, as to that part of the land adverse possession and the statute of limitations.

To this answer the plaintiff replied by a general denial, except admissions, and admitted possession by Light of the lands described in his answer.

After entering the default of Kessler, Walter Lydick and H. C. Lydick, a trial was had to a jury on the foregoing issues, which resulted in a verdict against the defaulting defendants and in favor of the defendants Latta, Light, Barnett and Gill, and against the plaintiff. The plaintiff thereupon filed a single motion for a new trial as to each and all of the successful defendants. The motion was overruled and a judgment was entered on the verdict in favor of the said defendants. The plaintiff thereupon prosecuted error to this court, and filed one petition in error herein, directed against the defendants Latta, Gill, Light and Barnett jointly, praying that the judgment of the lower court be reversed and a new trial of the whole cause as to all of the defendants be granted.

It is contended that the court erred in refusing to give the paragraph number one of the instructions asked for by plaintiff. Before considering this question it is proper to state that it was stipulated on the trial, and the court instructed the jury, that the land in question was an accretion to lands owned by the plaintiff, and that their verdict should be for the plaintiff unless they should further find from a preponderance of the evidence that defendants, or

some of them, were entitled to recover under one or more of the affirmative defenses set out by them in their respective answers. It may be further stated that it appears that the court properly instructed the jury as to the issues raised by the pleadings in the way of affirmative defenses. The instruction tendered was as follows:

"The court instructs you that, should you find, from a fair preponderance of the evidence, that since the commencement of the occupancy of any of the lands in controversy in this action by the defendant Thomas R. Gill, should you find from the evidence that he has actually occupied any, an action was commenced against him for the possession of these lands, or any of them, by the plaintiff or any one to whose title he has succeeded and that that action was prosecuted to judgment, and resulted in favor of the plaintiff or plaintiffs therein and against the said Thomas R. Gill, and that said judgment has never been reversed; then you are instructed that as to so much of said land as was included in said judgment, the said Thomas R. Gill and all persons claiming under him are forever estopped from claiming any right or interest in said lands, because of any occupancy by him of the same, or by reason of any claim, conveyance, or color of title, which he may have made or possessed prior to the said judgment, and that his occupancy thereof since that time has not been adverse to the title which was in that action adjudged against him, unless you should find that since that time he has been in the actual, open, notorious, exclusive possession thereof, claiming to be the owner thereof as against the whole world, for a period of ten years, before the 8th day of April, 1901, under an occupancy initiated since the rendition of said judgment."

There are several reasons why this instruction was properly refused. It was not confined to the land claimed and occupied by Gill at the time of the present suit, and it appears that different tracts of land had been in litigation and in dispute between Gill and the plaintiff from time to time before this suit was brought. It was properly

refused because it is shown by the record and the bill of exceptions that the judgment mentioned in the instruction had been enjoined in a suit in equity for that purpose, and had been annulled and set aside as void and of no force and effect because of a lack of a sufficient description of any land therein. Therefore the cases cited by counsel for the plaintiff, in which it was held that where adverse possession was interrupted by an adjudication of the question by a judgment of a court of record, afterwards the land could not be claimed by adverse possession, because the future possession by a party to such judgment was not under any claim of right or color of title, and was not subject to the statute of limitations, are not in point. No claim of right can be based on a judgment or decree which has been vacated or annulled, and, while the language of the instruction comprehended only a reversal of the judgment, still it was as effectually disposed of by the decree in the injunction suit as though it had been reversed on a direct proceeding for that purpose. The question of the effect of the judgment mentioned in the instruction was a question of law for the court, and should not have been submitted to the jury. If the plaintiff desired to found any right on that question he should have framed a proper instruction and submitted it to the court so that the jury would have been instructed, as a matter of law, that the judgment did or did not interrupt adverse possession. For these reasons the instruction in question was properly refused.

Plaintiff complains because the court refused to give paragraph number two of his requested instructions, which is as follows:

"The court instructs you that the holding of real estate must be with a claim of right thereto as against the whole world to be adverse, and that the occupancy of another's land in the belief that it is land belonging to the state or the government, does not constitute adverse possession so as to bar the right of the real owner of the land to recover the same, no matter how long continued."

We have examined the bill of exceptions to ascertain, if possible, on what theory of the case this instruction was based. The only thing we find which would in any manner authorize the giving of such an instruction is an exhibit attached to the bill of exceptions, found on page 1289, which is an answer of Thomas R. Gill in a certain action, filed on March 25, 1889. It appears that a suit had been brought previous to that time by Jonathan Lydick, plaintiff herein, and his brother, Hiram C. Lydick, as joint owners of a part of the land in controversy, against Thomas R. Gill, to recover the possession thereof; that in that action Gill filed his answer, which is the exhibit above mentioned, in which we find the following statement:

"Defendant says that he believes that said lands are government lands, unsurveyed, and that the same are subject to settlement, and that he has made settlement and improvement thereof and claim thereto and is residing thereon for the purpose of taking the same as a homestead whenever they shall be surveyed and subject to entry."

In that case one of the questions in dispute was whether or not the land was an accretion, and it was claimed by Gill, among other things, that it was not an accretion to the plaintiff's land, but was a separate and distinct tract.

It will be observed that this instruction was general, and had no application to any of the other defendants in this case. To have given it without limiting its operation to the defenses interposed by the defendant Gill alone, would have been reversible error, so far as the other defendants were concerned. It was only applicable to a small portion of the land against which the plaintiff evidently intended it should operate, and was not applicable to the evidence as to the whole case. The failure to give an instruction, even though it be a correct abstract proposition of law, is not error, where it is not applicable to the whole case. *Wells v. State,* 47 Neb. 74; *Hurlbut v. Hall,* 39 Neb. 889.

Again, the jury were told in paragraph 14 of the instruction given by the court on his own motion that the

holding under adverse possession must be under a claim of ownership. This was correct and was applicable to each and all of the defendants, and was just as effective, so far as the defendant Gill was concerned, as the one tendered. For these reasons the request was properly refused.

It is alleged that the court erred in refusing to give the jury plaintiff's fourth request. By this instruction the court was asked to define estoppel as it was claimed should be applied to the facts in this case. Under this head we will also dispose of the fourth, fifth and tenth assignments of error. It is admitted that the seventeenth instruction, which defines estoppel, given by the court on his own motion, is not greatly different from the definition given in plaintiff's fourth request. The main difference is in the omission of the words "intent or design" in the instruction given. Whatever may be the law in other jurisdictions, in this state willfully permitting another to deal with property with the intention in the mind of the true owner to actually deceive and mislead, is not an essential element of estoppel. In *Gillespie v. Sawyer*, 15 Neb. 536, 541, it was said: "There is no principle better established in this court, nor one founded on more solid considerations of equity and public utility, than that which declares that if one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his own claim, [he] shall not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bound by this equitable estoppel." "When one of two innocent persons, that is, persons each guiltless of an intentional or moral wrong, must suffer a loss, it must be borne by that one of them who by his conduct, acts or omissions, has rendered the injury possible." *Nash v. Baker*, 40 Neb. 294, 297.

By instruction number 4 asked for by the plaintiff, it was sought to tell the jury that before the owner of the land could be estopped by statements as to matters of fact,

or as to his intended abandonment of existing rights, or by his silence when it was his duty to speak, he must have designedly induced another to change his condition, before such matters would create an equitable estoppel. The true rule is as follows: Whatever a man's real intention may be, if he so conducts himself that a reasonable man would take the act or representation to be true, and believe that it was made to be acted upon, and he did act upon it as true, the party making the representations will be precluded from contesting their truth. *Heidenbluth v. Rudolph,* 152 Ill. 316, 38 N. E. 930; *Commercial Loan & Building Ass'n v. Trevette,* 160 Ill. 390, 394, 43 N. E. 769, 771; *Pitcher v. Dove,* 99 Ind. 175.

The instruction given by the trial court in place of the one requested met with general approval in the case of *Lydick v. Gill,* 57 Neb. 89, which involved practically the same facts, and a portion of the same body of land in question in the case at bar. In that case it was held that the conduct of the Lydicks, after the purchase by Deaver and Gill, estopped them from claiming the land in controversy therein. The same facts are pleaded as an equitable estoppel in this case, and the instruction given conforms to the one given in that suit. An estoppel may be binding and effectual even though there was no intention to deceive. Where the real owner resorts to any affirmative acts or words or makes any representations, it would be in the highest degree inequitable to permit him to say that the other party who had relied on his conduct and had been misled thereby, might have ascertained the falsity of his representations. 2 Pomeroy, Equity Jurisprudence, sec. 810. There is a wide difference between silence and encouragement, and the man who induces another to buy by positive assertion may be free from any conscious purpose to deceive. 2 Herman, Estoppel and Res Judicata, sec. 964; *Steel v. St. Louis Smelting & Refining Co.,* 106 U. S. 447, 456, 1 Sup. Ct. Rep. 389, 27 L. ed. 226; *Gillespie v. Sawyer, supra; State v. Graham,* 21 Neb. 329; *Forbes v. McCoy,* 24 Neb. 702.

It is proper to say that the evidence fully established the facts pleaded in the several answers of the defendants, and is sufficient to create an equitable estoppel and sustain the verdict of the jury. In fact, the plaintiff does not contend that the evidence is not sufficient to sustain the verdict, and we are constrained to hold that the definition of estoppel contained in the instruction given by the court on his own motion was correct, and was especially applicable to the facts in this case. Therefore the court did not err in refusing to give the fourth instruction requested by the plaintiff.

The plaintiff further contends that the court erred in refusing to give the fifth paragraph of his requests. By this instruction the jury were told, among other things, that to constitute an estoppel they must be satisfied by a preponderance of the evidence that at the time of the transaction relied on for that purpose, the holder of the adverse interest must have denied his interest or declared his intention of abandoning it. This is not the law of equitable estoppel recognized by this court, as we have already shown by the authorities heretofore cited and quoted from, and this instruction was properly refused.

Plaintiff asserts that the court should have given instruction number 6 tendered by him. All that is contained in this instruction was fairly covered by the instructions of the court, and in a manner most favorable to the plaintiff.

Lastly, it is contended that the court erred in the admission of the evidence of the witness Deaver. This evidence was offered to show what had taken place between himself and the plaintiff with relation to certain parts of the land in dispute, and to establish an equitable estoppel in connection therewith. The same evidence was held competent in the case of *Lydick v. Gill,* 57 Neb. 89, where the same question and some of the same land was involved.

An examination of the bill of exceptions convinces us that the case was fairly tried, and the evidence complained of was competent.

By a strict adherence to our rules, we could have avoided the consideration of this case on its merits. As we stated at the outset, there were several defendants pleading separate and distinct defenses, each of whom obtained a verdict against the plaintiff on separate and distinct grounds, and yet plaintiff filed one joint motion for a new trial, general as to all of them. This would have only required us to examine the record far enough to ascertain that the motion was properly overruled as to one of the defendants, and we could have affirmed the judgment for that reason alone. *Long v. Clapp,* 15 Neb. 417; *Scott v. Chope,* 33 Neb. 41; *McDonald v. Bowman,* 40 Neb. 269; *Minick v. Huff,* 41 Neb. 516; *Dorsey v. McGee,* 30 Neb. 657. But owing to the importance of the questions involved in this case, and in order to give them suitable consideration, we have passed on the merits of every substantial question presented by the plaintiff in error.

A motion was submitted with the record asking this court to fix a supersedeas bond. As the judgment of the trial court must be affirmed it is unnecessary to consider the motion.

We are satisfied that the cause was fairly tried; was submitted to the jury under proper instructions; that the judgment of the trial court was right; and we recommend that it be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.