HENRY E. FREDRICKSON, APPELLANT, V. NICHOLAS
SCHMITTROTH ET AL., APPELLEES.*

FILED DECEMBER 7, 1906.   No. 14,536.

New Trial: JOINT MOTION.   Two defendants made separate answers,
alleging separate and distinct defences to the plaintiff's petition.
The court directed a verdict for one defendant and a finding of
6 cents damages in favor of the plaintiff against the other de-
fendant.   Plaintiff filed a joint motion for a new trial, which
was overruled.   The verdict being good as to one defendant, the
motion was properly overruled, and the judgment as to both
must stand.   *Lydick v. Gill*, 68 Neb. 273.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JR., JUDGE.   *Affirmed.*

*Fawcett & Abbott*, for appellant.

*A. S. Ritchie, Charles L. Fritscher, B. F. Thomas* and
*Carl E. Herring*, contra.

DUFFIE, C.

October 31, 1902, Schmittroth purchased an automobile
from Fredrickson for the sum of $1,000, and executed a
promissory note for that amount due April 30, 1903, upon
which note the defendant Mengedoht became surety.   The
note by its terms provided that title to the automobile
should remain in Fredrickson until the full amount of the
purchase price was paid.   Schmittroth claimed that the
automobile was not giving satisfactory service, and it was
placed in the possession of the Utah Automobile Company
at Salt Lake City for the purpose of being overhauled and
adjusted, Fredrickson doing this work through the above
company as his agent.   While the machine was in the pos-
session of the Utah Automobile Company, the evidence
tends to show that Mengedoht became alarmed lest he
should have the note to pay, and made Fredrickson the

* Rehearing allowed.   See opinion, p. 724, *post.*

following written proposition: "Mr. H. E. Fredrickson, Omaha, Neb. Dear Sir: In regard to the machine sold to Mr. Schmittroth on note which bears my signature, I ask you to have the machine shipped here and put in running order. If Mr. Schmittroth is unwilling to take the machine after it has been made to run and will not pay for it, I will take the machine and pay for it, and take up the note which was given for the machine, and also pay the freight from Salt Lake City to Omaha. It is understood that the note is not to draw any interest. Fred Mengedoht." Fredrickson instructed the company in Salt Lake City to ship the machine to Omaha, and then a short time after its arrival here he repaired the machine, and there is evidence tending to show that after testing it Mengedoht was satisfied with its operation, and agreed to accept and pay for it. This suit was originally commenced June 3, 1903, against Schmittroth and Mengedoht upon the note given for the machine. The case was passed from term to term until after the machine was shipped to Omaha and repaired, and until Mengedoht finally refused to take and pay for the machine, after which an amended petition was filed by the plaintiff, the amendment setting up a cause of action against Mengedoht upon his written proposition above set forth and the acceptance of the same by the plaintiff. At the conclusion of the evidence the court directed a verdict for the defendant Schmittroth, and it further directed a verdict in favor of the plaintiff and against Mengedoht for damages in the sum of 6 cents. Judgment was entered upon these verdicts, from which the plaintiff has appealed.

Both of the defendants filed answers in the case, the answers setting up different and separate defenses. The motion for a new trial was a joint motion, and the order overruling the same is alleged as error. It has long been the settled rule of this court that, where a motion for a new trial is insufficient as to one defendant, it should be overruled. *Long v. Clapp*, 15 Neb. 417; *Scott v. Chope*, 33 Neb. 41; *Dorsey v. McGee*, 30 Neb. 657; *McDonald v.*

*Bowman*, 40 Neb. 269; *Lydick v. Gill*, 68 Neb. 273. The district court was of opinion that the contract of sale of the automobile was rescinded by Fredrickson when, on the request of Mengedoht, he ordered the same shipped from Salt Lake City to Omaha without the consent of Schmittroth. In this we think the court was correct. He certainly could not recover the consideration for the automobile after having taken possession and while retaining possession thereof. The motion was, therefore, properly overruled as to the defendant Schmittroth, and, this being so, under the authorities above cited, we cannot investigate any of the other questions raised by the appellant or reverse the judgment. If the court committed no error in refusing a new trial, as it is clear that the judgment must stand if there was no error in denying the motion for a new trial, we recommend an affirmance.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed June 7, 1907. *Former judgment of affirmance vacated and judgment of district court reversed:*

1. **Conditional Sale: WAIVER.** A vendor, by commencing an action on a note given for the purchase price of a machine, by the terms of which the title thereto is not to pass to the purchaser until full payment is made therefor, will ordinarily be held to have waived his title to the property and have vested the title thereto in the vendee.

2. ———: ———. Where, however, after commencement of such a suit, the vendor takes possession of the machine pending the action, with the consent of the vendee, for the purpose of repairing it and delivering it to a third person (the surety on the note) under a contract between himself and the surety only, and fails to redeliver it to the vendee, such conduct will relieve the vendee from his obligation to pay for the property.

3. **Directing Verdict.** Where the action proceeds against such surety on his agreement to take the property and pay the note given for its purchase price, and is defended on the ground of a breach of the agreement, if the evidence is conflicting the questions in issue should be submitted to the jury, and it is error for the court to direct a verdict for plaintiff for nominal damages only.

BARNES. J.

This case comes here on appeal from a judgment of the district court for Douglas county. By our former opinion, *ante,* p. 722, it was held that the motion for a new trial was a joint motion as to both of the defendants, and, as the ruling in favor of defendant Schmittroth was correct, the plaintiff was entitled to no relief. The case has been reargued, and we are now of opinion that our former decision was wrong. While but one motion for a new trial was filed in the court below, yet it appears to be not only joint but several in form, and asks for a new trial as to each of the defendants. Hence, the case of *Lydick v. Gill,* 68 Neb. 273, on which our former opinion was based, is not in point. Again, it appears that *Lydick v. Gill* was decided on its merits, and not upon the form of a motion for a new trial. It is true that matter was discussed in the opinion, but we have serious doubts as to the soundness of that discussion. We are therefore constrained to consider the several grounds presented by the appellant for a reversal of the judgment of the trial court.

It appears that on the 31st day of October, 1902, the defendant Schmittroth purchased an automobile from the plaintiff Fredrickson for the sum of $1,000, which was later on delivered to him at Salt Lake City; that Schmittroth delivered to the plaintiff 4,000 shares of mining stock and his promissory note for $1,000, signed by defendant Mengedoht, as surety, and it was agreed that plaintiff should have the option to keep the mining stock in full payment for the automobile and return the note, or return the mining stock to Schmittroth within 90 days and retain the note as payment for the machine. By the terms of the

note the title to the machine was not to pass to Schmittroth until the purchase price should be fully paid. Within the proper time plaintiff exercised his option, returned the mining stock and kept the note. Later on Schmittroth refused to pay for the automobile, and notified the plaintiff that he had left it with plaintiff's agent at Salt Lake City, subject to his order, because it could not be made to run and was wholly worthless. The plaintiff thereupon attempted, through his agents, to put the machine in running order, but failed to do so. He afterwards brought suit on the note in the district court for Douglas county against both of the defendants. Meanwhile the plaintiff continued his efforts to put the machine in running order, and negotiations were entered into between him and the defendant Mengedoht, which culminated in the following agreement: "Mr. H. E. Fredrickson, Omaha, Neb. Dear Sir: In regard to the machine sold to Mr. Schmittroth on note which bears my signature, I ask you to have the machine shipped here and put in running order. If Mr. Schmittroth is unwilling to take the machine after it has been made to run and will not pay for it, I will take the machine and pay for it, and take up the note which was given for the machine, and also pay the freight from Salt Lake City to Omaha. It is understood that the note is not to draw any interest. Fred Mengedoht." The plaintiff accepted the agreement according to its terms, brought the machine to Omaha, Mengedoht paying the freight, and claims to have adjusted it, repaired it and put it in perfect running order, and to have offered to send it to Schmittroth, and that Schmittroth refused to receive and pay for it. He thereupon amended his petition in the pending suit by setting up his new agreement with Mengedoht, and prayed for a judgment against both defendants for the purchase price of the machine. The defendants answered the amended petition separately, each admitting the execution of the written instruments sued on, and each pleaded fraud, misrepresentation and a failure of consideration, in that the automobile could not

be made to run and was wholly worthless for the purpose for which it was sold. A trial was had on these issues, and at the close of the plaintiff's evidence the court directed the jury to return a verdict for the defendant Schmittroth, and this order is assigned as error.

The plaintiff's brief contains a lengthy and learned discussion of the rights and obligations of the parties under the several contracts, and especially as to the effect of the commencement of the action. It is contended that by bringing suit on the note in question the plaintiff elected to waive the ownership or title retained by him by the terms of that instrument, and the title to the machine thereupon vested fully and completely in the defendant Schmittroth. There is no doubt but this statement would be correct if the plaintiff had not taken the machine away from Schmittroth, and assumed the possession and ownership thereof for the express purpose of carrying out his agreement with the defendant Mengedoht. His action in that behalf was inconsistent with such waiver, and, when he failed to put the machine in running order and redeliver it to Schmittroth, he relieved him from his obligation to pay for it, and the court properly directed the jury to return a verdict in his favor.

It is insisted, however, that the verdict should be set aside because it did not dispose of Schmittroth's counterclaim for $156. By asking for the instruction complained of, and accepting the verdict, it seems clear that Schmittroth has waived his right to any relief on his counterclaim, and the plaintiff should not be heard to complain because no judgment was rendered against him thereon.

It further appears that after the introduction of all of the evidence the defendant Mengedoht waived his right to recover on his counterclaim, requested the court to direct a verdict against him, and in favor of the plaintiff, for the sum of 6 cents: His request was granted, and the jury returned a verdict accordingly. This direction is complained of, and is also assigned as error. Much discussion is indulged in by the plaintiff as to the nature and

effect of his contract with the defendant Mengedoht. It is insisted that his agreement did not amount to a novation; that it was not a new contract, and did not affect the rights of the parties as they stood under the original agreements. We think all of this discussion is beside the mark; for it clearly appears that the case, as to the defendant Mengedoht, was tried on the theory that the plaintiff had complied with the new agreement, had put the automobile in good running order, had tendered it to Mengedoht, and was therefore entitled to a judgment against him for the face of the note, the payment of which he had assumed by his new agreement. On this theory much evidence was introduced by both parties. One attempting to prove that the automobile was put in good running order and was a practical machine—and that it was tendered to the defendant; while the defendant attempted to show that the automobile would not run, was of no value whatsoever, and therefore he was justified in refusing to accept it, and carry out his contract to pay for it and take up the note in suit.

It appears that Mengedoht defended the action upon the ground of a breach of warranty; and, while this action was pending on the note, he made the contract which is set out in the opinion, by which he agreed, upon certain things being done by Mr. Fredrickson, he would take the automobile and would pay the note upon which he was sued. This agreement was set up in the supplemental petition, and the failure of the automobile as warranted being still insisted upon, the issue presented by the petition and supplemental petition of the plaintiff and the answer of defendants tried, and the judgment upon this trial is the one here complained of. There seems to be no question in regard to the delivery of the automobile upon its sale to Schmittroth. It was never returned generally to Fredrickson, but he was allowed to take possession of it for a special purpose to enable him to comply with the contract that was made with a view to a settlement of the litigation. The question tried was whether Fredrickson

had complied with the terms of the supplemental agree-
ment of settlement with Mengedoht, the surety. This
question should have been submitted to the jury, and the
court erred in instructing the jury to find a verdict for
the plaintiff for nominal damages only.

For the foregoing reason, our former judgment is va-
cated, and the judgment of the district court is reversed
and the cause is remanded for a new trial.

REVERSED.