WILLIAM J. MANSFIELD, APPELLANT, V. DAVID P. KILGORE
ET AL., APPELLEES.

FILED APRIL 9, 1910. No. 15,938.

Mortgages: FORECLOSURE: REDEMPTION: ESTOPPEL. Where a junior
mortgagee is made a party to an action to foreclose prior mort-
gages by the name in which he has accepted his security, is served
by publication of summons in that name, has actual notice of the
pendency of the foreclosure proceedings, makes full investigation
and thereby ascertains the value of the mortgaged premises,
satisfies himself that his security is valueless, abandons it, loses
his mortgage notes, makes no defense, presents no application to
open the decree, with full knowledge that prospective purchasers
will bid at the foreclosure sale and invest their money in the
purchase of the mortgaged premises, and fails in any manner to
assert his rights therein, he should, after the lapse of more than
five years thereafter, be estopped from maintaining an action
against the purchaser at the judicial sale, or those claiming under
him, to redeem from the prior incumbrances and foreclose his
mortgage.

APPEAL from the district court for Butler county:
GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Matt Miller,* for appellant.

*Aldrich & Fuller, contra.*

BARNES, J.

Action by a junior mortgagee to redeem certain real
estate from prior mortgages and for a foreclosure. De-
fendants had judgment, and the plaintiff has appealed.

The facts are not in dispute, and it appears from. the
record that on the 21st day of September, 1896, one David
P. Kilgore, who theretofore had been, and then was, the
owner of the southeast quarter of section 23, township 15
north, of range 1 east, in Butler county, Nebraska, to-
gether with his wife, executed and delivered to the plain-
tiff, William J. Mansfield, a mortgage on said premises
to secure the payment of a promissory note for the sum

of $1,032, due on the 21st day of September, 1900, with
certain coupon interest notes attached for $61 each, pay-
able on the 21st day of September of each year, succes-
sively, from and after the date of the execution of the
mortgage, to and including the year 1900; that theretofore
Kilgore had executed certain other mortgages on the same
land as follows: One to Fayette L. Rounds for $1,000,
covering the south 80; one to Ira Davenport for $800 upon
the north 80; one to Dwight Carey for $1,400, and one to
George P. Sheesley for $250 upon the entire quarter sec-
tion; that in the year 1897 Rounds instituted foreclosure
proceedings making the plaintiff and all other lien-holders
parties thereto. Cross-petitions in that action were filed
by Davenport and Carey, and service was had upon the
plaintiff, as W. J. Mansfield, by publication. A decree of
foreclosure was entered upon Carey's cross-petition, in
which the court found and declared the priority of liens
and the amounts due thereon, the plaintiff herein being
decreed to be the fifth lien-holder. In 1898 the premises
were sold under the decree to C. H. Aldrich, trustee, for
one Helen T. Campbell, and the purchase price was ab-
sorbed by the four prior liens. In 1901 Helen T. Campbell
sold and conveyed the premises of the defendant, Louis
Henfling, who is the present owner, who went into posses-
sion and has made valuable improvements thereon. In the
foreclosure proceedings above mentioned, plaintiff Mans-
field, as above stated, was served by publication, he being
a nonresident of this state. It appears, however, that he
had actual notice of the proceedings, and before any decree
was rendered therein he wrote to one S. H. Steele, an at-
torney at David City, and asked him to ascertain the exact
nature and extent of all the liens on the premises and the
order of their priority. Steele made this examination,
and wrote a letter to the plaintiff, in which he gave in
detail all of the proceedings, the amounts and order of
priority of the respective liens, how service was obtained
on each of the defendants, including himself, and the then
status of the case. At that time Kilgore was in default

of his payments to plaintiff, and a cause of action had accrued upon his mortgage. The plaintiff, on receiving this information, paid the attorney his fee and gave the matter no further attention. Thereafter he continued to sustain business relations with Kilgore, who was his tenant, and dealt with a resident agent in Butler county for several years after the termination of the foreclosure proceedings. In 1902 he sold an adjoining piece of land which he owned to the defendant Henfling, who, as above stated, had bought the Kilgore land from Helen T. Campbell. However, he neglected to commence foreclosure proceedings until all the coupon interest notes except one were barred by the statute of limitations. He never attempted to collect them, or secure the payment of the principal note, and never made any application to open the decree in the foreclosure case. In fact, he took no action in the premises whatever until the commencement of this suit in November, 1905. Upon this state of the facts, the district court found that plaintiff was guilty of laches, and dismissed his action for want of equity.

Plaintiff assails the decree of the district court upon two grounds: First, that the court, in the original foreclosure proceedings, acquired no jurisdiction over him, because, as he alleges, his true name is William James Mansfield, and therefore he is not bound by the decree in that case; second, that he was not guilty of laches, as found by the district court, because he commenced this action for the foreclosure of his mortgage well within the time provided by the statute of limitations.

Considering the first question, it may be said that the district court adopted plaintiff's theory that he was not bound by the decree of the foreclosure, and a majority of this court are of the same opinion.

Plaintiff's second contention is not without strong support in the authorities, many of which hold that one cannot be held guilty of laches in instituting judicial proceedings if they are commenced within the period of the statutory limitations. While this is true, still one may

be guilty of such conduct as will amount to at least an equitable estoppel, and we think the facts of this case bring the plaintiff well within that rule. The record discloses beyond question that plaintiff's mortgage constituted a fifth lien upon the premises in question; that when the decree was rendered in the Rounds foreclosure proceeding the value of the land was insufficient to satisfy the four prior liens; that the proceedings in that case were regular, with the single exception that the plaintiff herein was made a defendant in that suit by the name of W. J. Mansfield in place of William James Mansfield, which he now contends is his true name. That plaintiff had actual notice of the pendency of that action is frankly conceded by his counsel. It is not contended that the land when sold under the decree in that case brought less than its actual value. It is also shown that the proceeds of the sale, when applied to the payment of the four prior liens, not only failed to satisfy them, but left a deficiency thereon; that with full knowledge of those facts defendant abandoned any attempt to enforce his mortgage lien or collect his mortgage debt, and it is now conceded that but for the recent unusual and unprecedented rise in the value of real estate in Butler county he would never have commenced this action. It thus appears that plaintiff abandoned his security, and it is shown that he has lost the notes which were secured by the mortgage in question. It further appears that having full knowledge of the pendency of the foreclosure proceedings, and well knowing that the land embraced in his mortgage would be offered at the foreclosure sale, wherein the public would be expected to purchase it upon the faith and credit of such proceedings, he took no steps whatever to assert his lien, either at that time or until long after the defendant Henfling had purchased and paid full value therefor, and had made valuable and lasting improvements thereon. We are therefore of opinion that by reason of the abandonment of his security, and his subsequent conduct, the plaintiff is now estopped

from attempting to assert his mortgage lien, as against the purchaser at judicial sale or those claiming under him. *Gillespie v. Sawyer,* 15 Neb. 536; *Lydick v. Gill,* 68 Neb. 273, 281; *Bausman v. Kelley,* 38 Minn. 197, 8 Am. St. Rep. 661.

It is contended by the plaintiff, however, that the defendants have not pleaded an estoppel, and therefore they are not entitled to a decree upon that ground. It is true that the answer is somewhat informal, and the word estoppel may not be found therein, still all of the facts constituting such a defense are set forth in the answer, and in our opinion it is sufficient to sustain a decree upon that ground.

For the foregoing reasons, we are of opinion that the judgment of the district court was right; and the fact that a wrong reason was given for the decision does not warrant us in reversing it. The judgment of the district court is therefore

AFFIRMED.