OLIVE B. CRAWL V. J. S. HARRINGTON.

[FILED SEPTEMBER 29, 1891.]

</div>

<div style="text-align:right">
33   107<br>
f56   394
</div>

**School Land:** CONTRACT FOR SALE: NO DOWER IN. Certain school lands were sold by the state in 1875, and one-tenth of the purchase price paid, the purchaser receiving a contract of sale. In 1879 an assignee of the purchaser conveyed said land to one K. by quitclaim deed. In the same year K. conveyed the land by a quitclaim deed to one H. *Held,* That the wife of K. had no dower interest in such land.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Thompson & Oldham,* for plaintiff in error, cited: *Duke v. Brandt,* 51 Mo., 221–226; *Moore v. Kent,* 37 Ia., 20.

*Calkins & Pratt, contra,* cited: *Reed v. Whitney,* 7 Gray [Mass.], 533; *Lobdell v. Hayes,* 4 Allen [Mass.], 186;

*Hopkinson v. Dumas,* 42 N. H., 296; *Hamlin v. Hamlin,* 19 Me., 144; *Beebe v. Lyle,* 73 Mich., 114; *Whitaeker v. Vanschoiack,* 5 Ore., 113; *Farnum v. Loomis,* 2 Id., 29; *Cornog v. Cornog,* 3 Del. Ch., 414; *Bush v. Bush,* 5 Id., 144; *Latham v. McLain,* 64 Ga., 320; *Woodhull v. Reid,* 1 Har. [N. J.], 128; *Hamilton v. Hughes,* 6 J. J. Mar. [Ky.], 581; *Heed v. Ford,* 16 B. Mon. [Ky.], 114; *Gulley v. Ray,* 18 Id., 107; *Worsham v. Callison,* 49 Mo., 206; *Morse v. Thorsell,* 78 Ill., 600; *Steele v. Magie,* 48 Id., 396; *Greenbaum v. Austrian,* 70 Id., 591; *Glenn v. Clark,* 53 Md., 580.

MAXWELL, J.

This is an action to recover damages for an alleged breach of the covenant of warranty. A demurrer was sustained to the petition and the plaintiff not being able to amend, the action was dismissed.

The petition is as follows :

" Now comes the plaintiff and for cause of action against defendant alleges :

" I. That the state of Nebraska being by virtue of an act of congress the owner of lot No. 16, S. E. ¼ school section addition to Kearney Junction, now city of Kearney, Buffalo county, Neb., on the 3d day of ·June, 1874, at public sale, in accordance with the laws of said state, sold said lot of land to the Kearney Manufacturing & Land Co., a joint stock company doing business under the laws of the state of Nebraska, the consideration of such sale being $190, payable one-tenth in cash and the balance in yearly installments of $19 each; that the treasurer of Buffalo county received from said company said cash installments of $19 and gave his receipt therefor, which said receipt was duly recorded on deed record of said county at Book H, page 378.

" II. That afterwards, to-wit, on the 27th day of October, 1879, the said Kearney Manufacturing & Land Com-

pany duly conveyed their interest in and to said premises, acquired as aforesaid by quitclaim deed properly executed and acknowledged by the trustees of said company, to Nathan Campbell and Elisha C. Calkins, assignees, which said deed was duly recorded in the records aforesaid at Book H, page 327 thereof.

" III. That afterwards, to-wit, on the 27th day of October, 1879, the said Nathan Campbell and Elisha C. Calkins, assignees as aforesaid, for a valuable consideration sold said real estate to one Francis G. Keens and conveyed the same to said Keens by a quitclaim deed which was duly recorded in said records at Book H, page 329.

" IV. That afterwards, viz., on the 17th day of November, A. D. 1879, the said Francis G. Keens, by his quitclaim deed duly acknowledged, conveyed his interest in said real estate to Minnie B. Harron, which said deed was duly recorded in Book H, page 379, of the records of said Buffalo county.

" V. That on the 27th day of November, 1883, the said Minnie B. Harron, for a valuable consideration, conveyed her interest in said land by quitclaim deed duly acknowledged, to one Louisa S. Clark, which said deed was duly recorded in said records at Book O, page 100.

" VI. That on the 20th day of September, 1884, the said Louisa S. Clark, for value, conveyed her interest in said premises by quitclaim deed duly executed and acknowledged, to one Warren Caswell, which said deed was duly recorded in said records at Book Q, page 70.

" VII. That on the 1st day of June, 1887, the said Warren Caswell having made the final payment of the installments, due to the state of Nebraska, demanded a deed from the state of Nebraska, and the state of Nebraska, by the governor thereof and according to law, conveyed by deed said premises to said Warren Caswell, which said deed was duly recorded in said records at Book R, page 131.

"VIII. That on the 6th day of May, 1887, the said Warren Caswell, being then the owner in fee of said land, conveyed the same for a valuable consideration, properly executed and acknowledged, by warranty deed to one John S. Harrington, which said deed was duly recorded in the records aforesaid at Book 28, page 381 thereof.

"IX. That on the 9th day of May, 1887, the said J. S. Harrington laid out and platted said lot 16, S. E. ¼ school section addition to Kearney, Neb., into lots and named the same Elmer Place Addition, a subdivision of lot 16, S. E. ¼ school section addition to Kearney, Neb., which said plat was duly acknowledged, filed, and recorded at Book Z, page 290 of deed records of said Buffalo county.

"X. That on the 22d day of March, A. D. 1888, the said defendant John S. Harrington, in consideration of the sum of $2,800, delivered to plaintiff a warranty deed of that date duly executed, and thereby sold and conveyed to plaintiff the following described lands, viz.: lots numbered 12, 13, 14, 15, and 16, in Elmer Place, a subdivision of lot 16 in the S. E. ¼ of school section addition to Kearney, Neb., and by said deed defendant covenanted as follows: And we do hereby covenant with the said Olive B. Crawl, and her heirs and assigns, that we are lawfully seized of said premises, that they are free from incumbrance except balance due on loan to Kearney Building and Loan Association, that we have good right and lawful authority to sell the same, and we do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons whomsoever except the Kearney Building and Loan Association. * * *

"XI. The plaintiff alleges that said premises were not free from incumbrance at the time of the execution and delivery of the said deed, but in truth and in fact on the 27th day of October, 1879, at the time the said Francis G. Keens purchased said lot 16, S. E. ¼ school section addi-

tion to Kearney, Nebraska, he was a married man and his wife, Ella J. Keens, was then and is still living, and is entitled to a dower interest in said lands, and neither at the time said Francis G. Keens, her husband, sold his interest in said lands to the said Minnie B. Harron, nor at any other time, has she released her right of dower, and she still has and claims a dower interest in said lands and the lots conveyed as aforesaid by defendant to this plaintiff of the value of $250, which is a valid and subsisting incumbrance against said lands of plaintiff contrary to and in violation of the covenants, agreements, and understandings of the defendant to this plaintiff, all of which the defendant knew and still knows, and he neglects and refuses to relieve said lands of said incumbrance, to the damage of this plaintiff in the sum of $250.

"The plaintiff therefore prays judgment against the defendant for the sum of $250, and interest thereon from the 22d day of March, 1888, and costs of suit."

There is also a petition of intervention by Mrs. Keens which need not be noticed.

The first question presented is: Does the alleged interest of Mrs. Keens in the premises constitute an incumbrance thereon?

The statute in relation to dower, as it existed in 1879, was as follows:

"Section 1. The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seized of all estate of inheritance at any time during the marriage, unless she is lawfully barred thereof.

"Sec 2. If a husband, seized of an estate of inheritance in lands, exchange them for other lands, his widow shall not have a dower of both, but shall have her election to be endowed of the lands given or of those taken in exchange, and if such election be not evinced by the commencement of proceedings to recover her dower of the lands given in

exchange, within one year of the death of her husband, she shall be deemed to have elected to have taken her dower of the lands received in exchange."

An estate of inheritance is an estate which may descend to heirs. (1 Washb., R. P., 51.) All freehold estates are of inheritance except estates for life. (1 Bouv., Law Dict. [14th Ed.], 539.) In its broad sense the word "estate" includes both real and personal property, but in its more limited sense it applies to land alone; and the term is used to denote the quality, quantity, and extent of the interest which the owner possesses in the land. Therefore estates are divided into such as are freehold and those less than a freehold. Blackstone, vol. 2, 103, says: "An estate of freehold, *liberum tenementum,* or frank-tenement, is defined by Britton to be the '*possession* of the soil by a freeman.' And St. Germyn tells us that 'the possession of the land is called in the law of England the frank-tenement or freehold.' Such estate, therefore, and no other, as requires actual possession of the land, is, legally speaking, *freehold;* which actual possession can, by the course of the common law, be only given by the ceremony called livery of seisin, which is the same as the feudal investiture. And from these principles we may extract this description of a freehold: that it is such an estate in lands as is conveyed by livery of seisin, or in tenements of any incorporeal nature by what is equivalent thereto. And accordingly it is laid down by Littleton that where a freehold shall pass, it behoveth to have livery of seisin. As, therefore, estates of inheritance and estates for life could not by common law be conveyed without livery of seisin, these are properly estates of freehold; and as no other estates were conveyed with the same solemnity, therefore no others are properly freehold estates. Estates of freehold (thus understood), are either estates of *inheritance* or estates *not of inheritance.* The former are again divided into inheritances *absolute* or fee simple, and inheritances *limited,* one species of which we usually call fee-tail."

An estate less than a freehold is not an estate of inheritance at common law, and that law prevails on this point in this state. The Kearney Building & Loan Association had purchased the land in question and paid one-tenth of the purchase price thereon when Keens purchased the same. The company could only convey an equitable title to the property, and the fact that a deed was made by one who possessed only an equitable title would carry no greater interest than he possessed. The legal title still remained in the state. It was not, therefore, an estate of inheritance, and the wife took no dower therein. This disposes of the case without considering the other questions presented.

The judgment of the district court is

AFFIRMED.

THE other judges concur.