Bissell, P. J.,
delivered the opinion of the court.
Nine errors are assigned on this appeal, and, apparently, most of them are well laid. The matter can be determined, however, by the application of two rules which have been declared by the appellate courts of this state.
In 1890, Williams commenced suit against the mining company to recover the value of the services which he had rendered as foreman or superintendent, and also certain wages due miners. According to the record, the corporation *346 was organized under the laws of Missouri, and all of its officers and directors were nonresidents. An attachment was issued in aid of the suit, and levied on the property. To bring the corporation into court, Williams, who was its only representative in Colorado, attempted to make a substituted service by publication.- The affidavit on which the order of publication was based was made by his attorney on information and belief. The order was made, publication commenced, and finished on the 13th of August, 1891, and judgment was entered on the 23d of September following. This is all that need be stated to show that the judgment must be reversed.
It is well settled that the affidavit for publication may not be made by the attorney on information and belief; and without some showing, at least, of right, authority, and capacity, an attorney cannot make an affidavit which will he sufficient to uphold an order for the substituted service.
The time which must elapse between the completion of the publication and the rendition of judgment is equally determinative. Under the law as declared, this judgment was prematurely entered, and cannot stand. Morton v. Morton, 16 Colo. 358; Davis v. Lumber Co., 2 Colo. App. 381. These errors dispose of the judgment, and it will be reversed and remanded.

Reversed.