VICTORIA HALL, APPELLEE, v. WILL H. CRABB, APPELLANT, AND DORA LYON ET AL., APPELLEES.

FILED OCTOBER 20, 1898.   No. 8336.

1. **Freehold Estate:** INHERITANCE. An estate less than a freehold is not an estate of inheritance, and a freehold estate is one of which possession, at the common law, could only be given by livery of seisin. Following *Crawl v. Harrington*, 33 Neb. 107.

2. **Estate of Curtesy.** A surviving husband, whose wife died in 1877, was not entitled to an estate of curtesy in lands in which she had a mere equitable estate at the time of her death.

APPEAL from the district court of York county. Heard below before BATES, J. *Affirmed.*

*Harlan & Taylor*, for appellant.

*Gilbert Bros., contra.*

RYAN, C.

In the petition of Victoria Hall filed in the district court of York county she alleged that she and her sister, Dora Lyon, were the daughters and sole heirs at law of Lorina McCully, who died intestate in January, 1877; that said Lorina McCully, during her lifetime, was the holder of a certain executory contract for the purchase of a forty-acre tract from a railroad company, which tract was particularly described and was in York county; that on said contract she had made four payments; that on December 3, 1883, all remaining payments having been made as required, this tract was conveyed to the "heirs at law" of Lorina McCully by that general designation; that on July 6, 1893, an execution was levied on

what was described in the return thereof as the "life interest of John W. McCully," the surviving husband of Lorina McCully, and that said so-called life estate was thereunder purchased by Will H. Crabb, to whom it was by sheriff's deed conveyed, after confirmation of the sale. The prayer was for a decree whereby plaintiff and Dora McCully might each be adjudged the owner of a one-half fee simple title and that the estate claimed by Crabb should be adjudged of no validity. By the answer of Crabb the interest in the property claimed by him was expressly limited to the life estate of John W. McCully in the forty-acre tract in controversy. There was a judgment as prayed, from which Crabb prosecutes this appeal.

On the trial the facts were shown to be substantially as described in the petition. It will be seen upon an analysis of the above statements that when Lorina McCully died she was the holder of a contract whereby the railroad company had agreed to convey certain real property to her; that she had made payments thereon which gave her an equitable interest in said land; that afterwards, the other payments having been made, the railroad company conveyed to the heirs at law of Lorina McCully, and that, by purchase at sheriff's sale, Crabb claims to have acquired an estate of curtesy for the life of John W. McCully in said forty-acre tract. The death of Lorina McCully was in 1877, and to the statute in force at that time we must resort to find what estate of curtesy, if any, John W. McCully had in land in which his wife had a mere equitable interest or title. The statute in force was embodied in section 29, chapter 23, Compiled Statutes 1885, from which we quote this language: "When any man and his wife shall be seized in her right of any estate of inheritance in lands, the husband shall, on the death of his wife, hold the lands for his life, as tenant thereof by curtesy; Provided," etc. The right of the husband to curtesy in 1877 therefore depended upon the force to be given the words "estate of

inheritance" as they are used in the section from which we have quoted. These words are used in the section defining the right of dower of a wife in the lands of which her husband is seized during marriage. In *Crawl v. Harrington*, 33 Neb. 107, the dower right of a wife in the lands of her husband was under consideration, and it was held by this court that an estate less than a freehold is not an estate of inheritance, and a freehold estate was defined as one of which actual possession could, under the common law, be given only by livery of seisin. The equitable interest which Lorina McCully had in the land in controversy at the time of her death was less than a freehold estate, and consequently, under the authority above cited, was not an estate of inheritance. Her husband was, therefore, not entitled to a tenancy by curtesy in this land, and accordingly the judgment of the district court is

AFFIRMED.