FRANK R. WILD, GUARDIAN, APPELLEE, V. STORZ BREWING
COMPANY, APPELLANT.

FILED JUNE 20, 1906.   No. 14,405.

Deed as Mortgage: DOWER.   B. and wife conveyed certain real estate
    to H. and N. by warranty deed as security for a debt which was
    fully paid prior to the decease of the husband.   No reconveyance
    was ever had, and by certain mesne conveyances made by N. and
    the heirs of H. the title finally vested in the defendant, who had
    notice that the conveyance to H. and N. was made as security
    only, and was not intended to be an unconditional conveyance.
    *Held*, That the widow of B. was etitled to dower in such real
    estate.

APPEAL from the district court for Saline county: LES-
LIE G. HURD, JUDGE.   *Decree modified.*

*Hamilton & Maxwell* and *J. H. Grimm,* for appellant.

*J. H. Wild, W. G. Hastings* and *W. S. McGintie, contra.*

DUFFIE, C.

In November, 1887, Charles B. Bailey and Lydia, his
wife, conveyed two lots in the town of DeWitt to Alexander
Hawes and Wm. R. Nelson.   The conveyance was by war-
ranty deed, but was in fact a mortgage made to secure
Hawes and Nelson against liability upon a note on which
they had become security for Bailey.   Sometime after the
conveyance Mrs. Bailey was committed to the insane asy-
lum, and Frank R. Wild is her guardian.   In due time
Bailey paid the note upon which Hawes and Nelson were
sureties, and thereafter, and apparently at the request of
Bailey, Nelson conveyed his interest in the lots to George
A. Hunt, and by several mesne conveyances the title held by
Nelson finally vested in Nicholas Aebig by deed of March
2, 1901.   In the meantime Hawes had deceased and Aebig
commenced an action in the district court for Saline county
against his heirs, alleging in the petition that the deed from
Bailey and wife to Hawes and Nelson was made as security

only; that the debt which it was made to secure had been fully paid and the mortgage thereby satisfied. A decree to this effect was entered in the district court on May 9, 1901, and the defendants in the action were directed to convey to the plaintiff the lots in question, and in default of such conveyance the decree was to stand in lieu thereof. Aebig and wife conveyed the lots to the Storz Brewing Company by warranty deed of date November 5, 1901, and on or about that date the company took possession of the lots and have remained in possession to the present time. Charles B. Bailey departed this life November 11, 1901, and this action was commenced in April, 1904, to establish the widow's right of dower in the lots and to recover from the Storz Brewing Company damages for detaining the same. Eugene F. Bailey filed a cross-petition in the action, claiming to be the owner in fee of said lots as the only heir of his deceased father. The district court dismissed his cross-petition, and, as we think the evidence fully sustains the decree in that respect, this phase of the case will not be further noticed. A decree was entered finding Lydia Bailey, the widow of Charles B. Bailey, entitled to dower in the lots, and his widow is not, therefore, entitled to a ant, the Storz Brewing Company, in the sum of $276.66 as damages for detaining the same.

The principal questions discussed in the briefs of the parties are the right of the widow to dower and the amount thereof. It is insisted by the appellant that Lydia Bailey, by joining with her husband in the deeds conveying the lots to Hawes and Nelson, barred her dower interest. It is urged that Charles B. Bailey was never, subsequent to the date of these deeds, seized of "an estate of inheritance" in the lots, and his widow is not, therefore, entitled to a dower interest. *Crawl v. Harrington,* 33 Neb. 107, and *Hall v. Crabb,* 56 Neb. 392, are relied upon as authorities in support of this claim. In each of the cited cases the land in which dower is claimed was held by the deceased spouse under executory contracts of purchase, and this court held that such contracts did not vest in the holder a

freehold estate out of which dower might be claimed. In each of these cases the deceased spouse never possessed the legal title. They never held more than an equitable interest in the land in which dower was claimed, while in the case under consideration the husband was the owner in fee, and, being so, seized of the legal estate, pledged it as security. It is true that this pledge was effected by means of an absolute conveyance, but to one acquainted with the facts, and having knowledge that the conveyance was intended as a mortgage, and not as an unconditional transfer of the title, the form of the instrument creating the pledge is immaterial.

Sections 3-6, ch. 23, Comp. St. 1905, clearly provide for dower to the widow in lands owned by the husband in fee, but incumbered by mortgage. If, instead of conveying by deed by way of security, Bailey had executed an ordinary mortgage upon these lots to Hawes and Nelson, no one would, under our statute, question the widow's right of dower in the equity. On principle we cannot see how any different rule would apply to a purchaser of the lots in question, who had notice that the conveyance to Hawes and Nelson was by way of security, and not intended to operate as an unconditional conveyance of the title to them. That the Storz Brewing Company had knowledge that this conveyance was by way of security only is abundantly shown by the evidence, the abstract of title furnished prior to its purchase containing the proceedings had in the district court for Saline county in the case brought by Aebig to have such conveyance declared a mortgage. Relating to the amount of damages allowed for detaining the dower of the widow, section 24, ch. 23, Comp. St. 1905, is as follows: "Such damages shall be one-third part of the annual value of the mesne profits of the lands in which she shall so recover her dower, to be estimated in a suit against the heirs of her husband from the time of his death, and in suits against other persons, from the time of her demanding her dower of such persons." There is no competent evidence in the record that demand of dower was made upon the

Storz Brewing Company prior to the commencement of this action. It is true that one of the witnesses testifies to a letter written to the company sometime previous to the commencement of the action, but the letter was not produced and a copy thereof was improperly admitted in evidence over the objection of the defendant.

We recommend that the decree of the district court be modified so as to allow damages to the plaintiff on account of the dower of his ward at the rate of $20 quarterly from the commencement of the action, and that in all other respects the decree stand affirmed.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is modified so as to allow damages to the plaintiff on account of the dower of his ward at the rate of $20 quarterly from the commencement of the action, and that in all other respects the decree stand affirmed.

DECREE MODIFIED.