NELS P. NORTNASS ET AL., APPELLANTS, V. PIONEER TOWN-SITE COMPANY ET AL., APPELLEES.

FILED OCTOBER 8, 1908.   No. 15,294.

1. **Dower**: LAND CONTRACT. A married woman has no inchoate right of dower in real estate which her husband holds under a contract of purchase, having paid only a part of the purchase price. An assignment of such a contract of purchase duly signed and acknowledged by the husband alone is sufficient to transfer to his assignee all his interest in the land so held.

2. **Courts**: RULE OF PROPERTY. When a former decision of this court has established a rule of property, which has been relied upon for many years as the foundation of real estate titles, the court will not overturn such rule, although it cannot assent to the reasoning upon which it is based. *Grandjean v. Beyl*, 78 Neb. 354, followed and approved.

3. **Vendor and Purchaser**: CONTRACT: VALIDITY: INTENT OF VENDEE. A contract between a vendor and vendee of real estate is not affected by any secret intention of the vendee to use the premises for an immoral or unlawful purpose.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Albert W. Crites*, for appellants.

*B. T. White, Allen G. Fisher* and *Justin E. Porter*, contra.

GOOD, C.

This action was brought by Nels P. Nortnass and wife against the Pioneer Townsite Company, Paris G. Cooper and O. R. Ivins to compel the last named defendants to convey to the first named plaintiff outlot "C" in the city of Crawford, Nebraska. On the trial of the cause defendants had judgment, and plaintiffs appeal.

In 1902 plaintiff Nels P. Nortnass entered into a written contract with the Pioneer Townsite Company for the purchase of said outlot on stated annual payments. All of the payments except one were made by him. In 1906 the defendants Cooper and Ivins entered into negotiations with Nortnass for the purchase of the lot. The price agreed upon was $600, out of which the remainder due to the townsite company and taxes due were to be paid, the remainder of the $600 to be paid to Nortnass. Nortnass and Cooper and Ivins went to the First National Bank of Crawford, where Cooper and Ivins procured the $600, which was deposited in the bank until the amount of the indebtedness against the land was ascertained and paid, and a deed was procured from the townsite company, when the remainder was to be paid to Nortnass. At the time the money was deposited, or immediately thereafter, Nortnass signed and acknowledged an assignment of his contract to Cooper and Ivins. A question was raised as to whether or not it was necessary for Nortnass' wife to join in the assignment. An effort was made to obtain legal advice, but the attorney desired was out of town. The matter was left to be closed up when the attorney returned; and, if he advised that the signature of the wife was necessary, then the signature of the wife was to be procured. A few days later the attorney advised that the wife's signature was not necessary, but that it would be better to have her join in the assignment. An effort was made to have her join in the assignment, but she refused. Thereupon the defendants Cooper and Ivins caused the remainder due the townsite company to be paid, and

accepted a deed from the townsite company. Nortnass and wife brought this action on the theory that the assignment was void without the wife's signature, and also that the assignment was not to be effective unless the wife consented to join in the assignment. Plaintiffs also seek to avoid the effect of the assignment on the ground that the defendants Cooper and Ivins contemplated the erection of buildings upon the premises to be used for purposes of prostitution.

Plaintiffs contend that the wife, Anna Nortnass, has an inchoate dower estate in the outlot, which she has never agreed to convey, and which was sufficient to enable the parties to join in maintaining the suit for the recovery of the title of the husband. In *Cutler v. Meeker,* 71 Neb. 732, it was held that the interest of a vendee in possession of real estate under a contract of sale, part of the purchase price of the land having been paid, at his death, descends to his heirs, and does not pass to his administrator; that it is alienable, descendible and devisable in like manner as if it were real estate held by a legal title. In *Crawl v. Harrington,* 33 Neb. 107, it was held that, where one had purchased school land from the state and paid a part of the purchase price, receiving a contract of sale, and thereafter assigned to another, the wife of the first purchaser had no dower interest in such land. The holdings of this court in these two cases are clearly inconsistent. The inconsistency is pointed out and discussed at length in *Grandjean v. Beyl,* 78 Neb. 354. In the last mentioned case the rule announced in *Crawl v. Harrington* was adhered to by a divided court upon the ground that the rule there laid down had become a rule of property. Regardless of the unsatisfactory reason, or, rather, want of reason upon which the rule was founded in *Crawl v. Harrington* and adhered to in *Grandjean v. Beyl,* we are of the opinion that it is too late for this court to recede from the rule there adopted. Where a rule of law has been long established, upon which property rights have been founded, and where property has been acquired and

transferred in reliance thereon, the court should adhere to such rule regardless of the reason or want of reason upon which it was founded. If the rule is to be changed, it should be by legislative action, and not by the courts. But, even if the rule were otherwise, we do not see how it could help the plaintiffs in this action. The mere inchoate right of dower would not be sufficient to compel a conveyance of title to the property to the husband.

Plaintiffs' contention that the assignment was not to be effective until Mrs. Nortnass should assent to and join in the making of the assignment, is not sustained by the evidence. The only evidence tending to sustain this contention is that of Mr. Nortnass, while there are several witnesses who testified to the contrary, and the clear weight of the evidence is against the plaintiffs on this proposition.

With reference to the claim that the assignment was void because the defendants intended to erect upon the premises buildings to be used for prostitution, it appears to be entirely without merit. There is no claim or pretense that any arrangement or agreement was made between the plaintiff and the defendants or any of them with reference to such use of the premises. The contract between Mr. Nortnass and the defendants Cooper and Ivins was for the sale of Nortnass' interest in the land for a sufficient and valid consideration. This contract had no reference to the use of the premises by the vendees for an immoral purpose. If there was any purpose on the part of the vendees to use the premises for any immoral purpose, it was unknown to Mr. Nortnass at the time of the assignment. It is clear that any secret intention on the part of the vendees to use the premises for an unlawful purpose could not affect the contract of purchase between them and their vendor.

The judgment of the district court is sustained by the evidence and is in accordance with law, and we recommend that it be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.