JAMES SAMUEL CLARK, APPELLANT, v. AUGUST HANNA-FELDT ET AL., APPELLEES.

FILED MAY 29, 1912.   No. 16,892.

Mortgages: FORECLOSURE: REDEMPTION. One who takes and records a deed to real estate (subject to a mortgage) in the name by which he is generally known and transacts all of his business, and thereafter pays no part of the mortgage debt, no taxes upon the land, and for his default the mortgage is foreclosed and the premises are sold in a proceeding against him by that name, cannot, after the lapse of nearly ten years, maintain an action to redeem against the grantee of one who purchased the land at the foreclosure sale, relying upon the validity of the decree, on the sole ground that he was not sued in the foreclosure proceedings by his full Christian name instead of the name by which he was designated in his deed.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE.   Affirmed.

M. F. Harrington and W. R. Butler, for appellant.

Joseph Wurzburg, W. A. Meserve and J. F. Green, contra.

BARNES, J.

This is an appeal from a judgment of the district court for Knox county denying the plaintiff the right to redeem the land in question herein from a decree of fore-closure rendered by the district court of that county at its September, 1895, term, and from a sale of the mort-

gaged premises on that decree had and made in December of that year. It appears that in the foreclosure proceedings the plaintiff was sued by the name of J. S. Clark, and service on him by that name was made by publication. He now alleges that his true name is "James Samuel Clark," and this is the sole ground upon which plaintiff bases his right of redemption. The findings and decree were for the defendant, and appear to be fully sustained by the evidence. The facts of this case, as found by the trial court, bring it clearly within the rule announced in *Mansfield v. Kilgore*, 86 Neb. 452, and *Stratton v. McDermott*, 89 Neb. 622.

Therefore, the judgment of the district court was right, and is, in all things,

AFFIRMED.