CHARLES E. LEAR, APPELLEE, v. WILLY FICKWEILER, APPELLANT.

FILED DECEMBER 18, 1912.    No. 16,870.

Mortgages: FORECLOSURE: NAMES. Where one takes title to real estate by his initial letters as his first name, subject to a mortgage then existing, the mortgage may be foreclosed and notice given him by publication by such name.

APPEAL from the district court for Keya Paha county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*M. F. Harrington,* for appellant.

*Lear & Lear, contra.*

REESE, C. J.

This is an action in ejectment, which was commenced on the 5th day of February, 1910, and in which plaintiff claims the possession of the northeast quarter of the southeast quarter of section 23, and the west half of the southwest quarter and the southwest quarter of the northwest quarter of section 24, all in township 34 north, of range 17 west, in Keya Paha county. Aside from certain averments in the petition, in which it is alleged that a mistake in the description of the land in one of the deeds constituting the chain of title is sought to be corrected by a reformation of the deed, it is alleged that plaintiff is the owner and entitled to the possession of the land; that on or about the 10th day of December, 1901, the defendant took forcible and unlawful possession of the land, and has held such possession without right ever since. Judgment for possession and an accounting of rents and profits is demanded.

The defendant's answer consists of a general denial and the averments that on the 9th day of April, 1889, he was the owner of the fee title to said land, when he executed a mortgage and note to the Nebraska Mortgage & Investment Company to secure the sum of $400, bearing interest at the rate of 7 per cent. per annum before maturity, and 10 per cent. thereafter; that, for value, the mortgage and note thereby secured were sold and transferred to W. C. Brown; that on the 19th day of June, 1900, the said Brown commenced suit to foreclose said mortgage, making P. H. Bender, the then holder of the legal title, and Mrs. P. H. Bender, who were then nonresidents, parties defendant, the service being had by publication; that a decree of foreclosure was rendered September 10, 1900, finding the amount due the plaintiff in said action to be $668.48, and ordering the land to be sold to pay the same; that an order of sale was issued, the land sold by the sheriff to William C. Brown for the sum of $668.48, and a sheriff's deed was issued to the purchaser, which

deed was duly recorded; that thereafter Brown sold and conveyed the premises to defendant, and, under his said purchase, defendant took possession of the land in the year 1901, and has held such possession since said time, the possession being open, peaceable and exclusive. It is conceded in the answer that, by reason of the action to foreclose the mortgage having been brought against "P. H. Bender," instead of against him by his full name, the foreclosure was invalid; but alleges that by his purchase Brown retained his mortgage lien, and by his deed to defendant he transferred the same to defendant; that Bender abandoned the land, paying no taxes thereon, and defendant's possession was that of mortgagee in possession, which tolled the statute of limitations; that he has paid the taxes thereon since 1896, and that before plaintiff can succeed in this suit he must pay the amount due on the mortgage, as well as the taxes paid by defendant, with interest thereon.

The reply consists of a general denial of all unadmitted averments in the answer; admits the execution of the note and mortgage, and their transfer to Brown; that Philip H. Bender became the owner of the property in controversy, subject to the mortgage; that Brown procured the foreclosure as alleged, but that the mortgage was barred by the statute of limitations; that defendant received the conveyance from Brown and took possession of the land by virtue thereof. There is a special denial of anything being due defendant, or that he is in possession as a mortgagee. This being covered by the general denial need not be further noticed. A trial was had to the district court, without a jury, and which resulted in a finding and judgment in favor of plaintiff. Defendant appeals.

It is seldom that an appellate court is called upon to hold counter to the conclusion of the trial court and the counsel upon both sides of the case, but we seem to be compelled to do so in this case. It is made clear by the pleadings that at the time of the foreclosure of the mortgage Bender was the holder of the title to the land, sub-

ject to the mortgage, and that in the deed by which he held title he is named as P. H. Bender. In *Stratton v. McDermott*, 89 Neb. 622, *Clark v. Hannafeldt*, 91 Neb. 504, and *Butler v. Farmland Mortgage & Debenture Co.*, p. 659, *post*, we held and decided that where a person accepts and holds title to real estate, being described and referred to in that way, and so records his deed, it is equivalent to a representation that that is his name, and notice by publication may be rightfully given by such name. This cause was tried, appealed, and the brief of appellant filed before those decisions were made, and it is no surprise that neither the court nor counsel adopted that view. Following those decisions, we must hold that the foreclosure was valid, and that, by his purchase from Brown, defendant became the owner, and plaintiff's action cannot be maintained.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED.