MARY MORAN ET AL., APPELLANTS, V. WILLIAM CATLETT ET AL., APPELLEES.

FILED FEBRUARY 11, 1913. No. 17,017.

1. **Dower:** EQUITABLE INTERESTS. Under the statutes in force in 1891, a widow was not entitled to dower in an equitable interest in lands held by executory contract by her deceased husband.

2. **Process:** CONSTRUCTIVE SERVICE: AFFIDAVIT. An affidavit for constructive service upon unknown heirs, under section 83 of the code, must be made by the plaintiff himself, if an individual, and not by his attorney, and must be verified positively.

3. **Taxation:** FORECLOSURE OF LIEN: PARTIES. An action for the foreclosure of a tax lien was brought against specific individuals; the petition being in the ordinary form. The land was not made a party to the suit. The court afterwards, apparently upon its own motion, ordered the land to be made a party defendant, but no amendment was made to the petition or the title of the case, and the land was not described as a party in the published notice, which was in the usual form in a suit against individuals. *Held,* That the land was not brought in, and that the action was not *in rem* against the land itself.

APPEAL from the district court for Perkins county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Wilcox & Halligan,* for appellants.

*E. J. Hainer* and *C. P. Craft, contra.*

LETTON, J.

This is an action to set aside certain conveyances founded upon tax foreclosure proceedings. A demurrer to the petition was sustained and the action dismissed. Plaintiffs appeal.

The material allegations of the petition are substantially as follows: That Patrick Fitzgerald, who died intestate in July, 1891, was at that time the husband of the plaintiff Mary Moran, and was the father of the plaintiff Patrick Thomas Fitzgerald; that during his lifetime Patrick Fitz-

gerald purchased the land in controversy from the Union Pacific Railroad Company under an executory contract of sale and upon ten annual payments; that after his death the plaintiffs completed the payments, and on January 24, 1894, the railroad company conveyed the land to "the heirs at law of Patrick Fitzgerald, deceased;" that the plaintiff Patrick Thomas Fitzgerald is a minor, born August 17, 1891; that the estate of his father was probated in Cook county, Illinois, and that all the debts and expenses of administration have been paid; that the plaintiffs are the owners of the land, and have at all times since the death of Patrick Fitzgerald resided in the city of Chicago, and their residences and addresses have at all times been published in the directory of said city. It is further alleged that in 1896 John W. Welpton purchased the land at tax sale, and that on September 19, 1890, he filed his petition in the district court for Perkins county seeking to foreclose his tax lien; that a decree of foreclosure was entered, the land sold under the decree to Mr. Welpton, and a sheriff's deed made. A copy of the pleadings and of the record in the foreclosure case is attached to the petition and made a part thereof. The title of the foreclosure case, as shown by the petition, is: "John W. Welpton, Plaintiff, vs. Mrs. Patrick Fitzgerald, full name to plaintiff unknown, the heirs of Patrick Fitzgerald, further and full names to plaintiff unknown, Defendants." The petition is verified in the ordinary form by plaintiff's attorney. On the same day an affidavit was made by the attorney, reciting: "The said premises were conveyed to said heirs by the Union Pacific Railroad Company; that affiant has written said company and been informed by it that said heirs were in Chicago, Illinois; that affiant has been unable to learn the names or addresses of any of the said heirs, and plaintiff has been unable to do so, and their names and addresses are to the plaintiff wholly unknown, and he is unable to ascertain the same. Wherefore affiant and plaintiff prays that service may be made upon said heirs as unknown and without naming them." There was

also filed an affidavit for constructive service in the ordinary form, reciting that "the defendants, Mrs. Fitzgerald, widow of Patrick Fitzgerald, deceased, and the unknown heirs of Patrick Fitzgerald, deceased, are nonresidents of the state of Nebraska, that service of summons cannot be made upon the said defendants or any of them within this state." On November 12 the following paper was filed: "Comes now the plaintiff, and alleges that he is the holder and owner of a tax sale certificate set forth in plaintiff's petition; that the property involved in this case appears by the records to be owned by the heirs of Patrick Fitzgerald, having been deeded to said heirs by the Union Pacific Railroad Company; that plaintiff has made all possible inquiry to discover the addresses of said heirs, and has been unable to find the same; that plaintiff is informed by the Union Pacific Railroad Company that deed was forwarded to said heirs at Chicago, Illinois; but plaintiff has been unable to discover the names of said heirs, or their addresses. Wherefore plaintiff prays that said heirs may be served by publication as the unknown heirs of Patrick Fitzgerald, deceased. John W. Welpton, Plaintiff, By B. F. Hastings, His Attorney." This was verified by the attorney, "as he verily believes." On the same day the following order was made: "It is ordered by the court that the said premises involved in this action, to wit, the southeast quarter of section 13, Twp. 10 north of range 39 west, be made a party defendant herein, also that the unknown heirs of Patrick Fitzgerald be made defendants herein." The notice of publication thereafter made was addressed as follows: "Mrs. Fitzgerald, widow of Patrick Fitzgerald, other and full name to plaintiff unknown, heirs of Patrick Fitzgerald, deceased, will take notice," etc. Proof of publication was made, and on March 19 the court found that due and legal service of summons and notice of the pendency of the action had been given upon all the defendants, and entered the decree of foreclosure by default.

The petition in the case at bar further alleges that no service of summons in the foreclosure case was had upon

the plaintiffs, and that the alleged notice was null and void, and failed to give the court jurisdiction; that the defendants claim title under the void proceedings by conveyance from Welpton. It is further alleged that Mary Moran has a life estate in an undivided one-third interest in the land.

Appellants' brief states: "There is but one question presented for determination in this case; that is, whether the affidavit by which it was sought to make the unknown heirs of Patrick Fitzgerald, deceased, defendants was sufficient to give the court jurisdiction over the plaintiff, Patrick Thomas Fitzgerald, so that the decree in the tax foreclosure suit would bar his rights to this land as the heir of Patrick Fitzgerald? Making unknown heirs a party and obtaining service upon is authorized by section 83 of the code of civil procedure, under the following conditions: 'It shall appear by the affidavit of the plaintiff annexed to his petition, that the names of such heirs or devisees, or any of them, and their residence are unknown to plaintiff.' * * * It will be seen that the affidavit filed in this case is deficient in at least two respects: First, the affidavit does not state that the residence of the unknown heirs is unknown, but affirmatively shows that their residence is Chicago, Illinois, and in lieu of the statement that the residence is unknown says that their address is unknown; second, the affidavit was not made by the plaintiff, as required by law, but by his attorney."

It may be well to clear up the question as to who are the heirs of Patrick Fitzgerald before considering the questions above propounded. At the time of his death he held the land under an executory contract of purchase. Under the statute then in force, and under the settled rule in this court, a widow was not an heir of her deceased husband, and had no dower rights in the lands held under a partially executed executory contract, hence no title is shown in Mrs. Moran. *Crawl v. Harrington,* 33 Neb. 107; *Hall v. Crabb,* 56 Neb. 392; *Grandjean v. Beyl,* 78 Neb. 349, 354; *Nortnass v. Pioneer Townsite Co.,* 82 Neb. 382.

Returning now to the question of the sufficiency of the affidavits for constructive service to confer jurisdiction. It was after the filing of the paper of November 12, verified by the attorney on his belief, that it was ordered that the land and the unknown heirs be made parties defendant, and that service be made by publication. The statute requires that an affidavit for service upon unknown heirs be made by the plaintiff in order to warrant service by publication. It cannot, therefore, be made by his attorney. There is reason for this. The plaintiff might know the facts as to residence and heirship, and yet his attorney be ignorant as to these very matters, and he might thus secure an undue advantage over the defendant. The rule in this state is that, in order to sustain service by publication, the provisions of the statute must be strictly followed. *Stull v. Masilonka*, 74 Neb. 309. The affidavit was, therefore, insufficient to warrant such service upon the "unknown heirs." This is the rule in other states. *Davis v. John Mouat Lumber Co.*, 2 Colo. App. 381; *Sylph Mining & Milling Co. v. Williams*, 4 Colo. App. 345; *Sayre-Newton Lumber Co. v. Park*, 4 Colo. App. 482; *Everett v. Connecticut Mutual Life Ins. Co.*, 4 Colo. App. 509; *Taylor's Heirs v. Watkins*, 43 Ky. 561.

The defendants, however, argue that the land itself was made a party to the suit, and that the action was one *in rem* in which notice to the parties is unnecessary. If the land itself had been made a party by proper pleadings, and had been brought in by proper service of notice of that fact, the doctrine of these cases would be applicable, and the conclusion urged irresistible. In this case, however, the land was not made a party to the suit. It is true that on November 12 the court ordered that the land and the unknown heirs be made parties defendant, but this order was made, so far as the record shows, upon the court's own motion, without any request or suggestion on the part of the plaintiff, and it was never complied with. The petition was not amended in conformity with the order to make the land a party, and the notice for constructive

service was addressed merely to Mrs. Fitzgerald and to the unknown heirs of Patrick Fitzgerald, and not to the land itself. The pleadings remained and the proceedings were had thereafter in all respects as if no such order had been made. We think, therefore, that the proceedings never became actually *in rem* against the land as a party defendant.

Defendants argue that, under the rule announced in *Stratton v. McDermott*, 89 Neb. 622, and *Lear v. Fickweiler*, 92 Neb. 621, the plaintiffs are estopped to insist that the name under which they took title, namely, "the heirs at law of Patrick Fitzgerald, deceased," is not their true name, and that service upon them by such name is sufficient. Upon the father's death the son immediately became vested by inheritance with the interest in the property which the father held. *Cutler v. Meeker*, 71 Neb. 732; *Nortnass v. Pioneer Townsite Co.*, 82 Neb. 382. He acquired such interest by inheritance in his true name, and the doctrine of estoppel as announced in the cases mentioned is not applicable to the facts. We are of opinion that the affidavit for constructive service upon the unknown heirs was insufficient, and that the petition states a cause of action.

The judgment of the district court, therefore, is reversed and the cause remanded for further proceedings.

REVERSED.